Ex Parte J. C. Minus·

No. 14292.   Delivered April 8, 1931.

The opinion states the case.

*Bruce W. Teagarden,* of San Antonio, and *Joe W. Caldwell, Jr.,* of Asherton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—This is an appeal from the refusal to discharge the appellant upon a writ of habeas corpus.

The arrest was upon a complaint under article 923d P. C., 1925, which reads as follows:

"The Commissioner or any of his deputies shall have the right to search the game bag or any other receptacle of any kind whenever such Commissioner or his deputy has reason to suspect that such game bag, or other receptacle or any buggy, wagon, automobile or other vehicle may contain game unlawfully killed or taken, and any person who refuses to permit the searching of the same, or who refuses to stop such vehicle when requested to do so by the Commissioner or his deputy, shall be fined not less than ten nor more than one hundred dollars."

The relator is on bail pending the appeal.

There was filed in this cause on the 26th of March, 1931, a certified copy of a motion by the county attorney to dismiss the prosecution

in the trial court, also a certified copy of the order of the justice of the peace granting the motion to dismiss the case. The appellant has filed his opposition to the dismissal of the appeal pending in this court. The authority of the prosecuting officer to dismiss pending cases in the trial court with the consent of the presiding judge is declared by article 577, C. C. P., 1925. The precedents under the statute are uniform to the effect that the dismissal of the prosecution with the consent of the presiding judge is conclusive. See Parchman v. State, 2 Texas App., 228, and other cases collated in Vernon's Ann. Texas C. C. P., 1925, vol. 1, p. 501. See also Ryan v. State, 81 Texas Crim. Rep., 632.

It has often been held that an appeal in a habeas corpus matter will be dismissed where it appeared that the applicant was not in custody. See Branch's Ann. Texas P. C., sec. 240, and authorities cited, including Ex parte Peyton, 2 Texas App., 295, and many others. The precedents cited deal with the law as it stood prior to the enactment of chapter 43, Acts of 40th Leg., Regular Session, p. 66. The law formerly governing the matter is found in title 3, chapter 7, C. C. P., 1925, art. 144.

The dismissal of the prosecution in the present case manifestly vacates the recognizance so that there is no custody or right to the custody of the accused, the effect of such dismissal ousts the jurisdiction of this court to pass upon the questions of law presented in the appeal.

The appeal is dismissed.

*Dismissed.*