MORTGAGE BOND CORPORATION OF NEW YORK v. HANEY et al.

No. 3092.

Court of Civil Appeals of Texas. Beaumont.

May 12, 1937.

Rehearing Denied May 19, 1937.

R. E. Masterson, W. T. Kenna, and Gordon, Lawhon, Sharfstein & Bell, all of Beaumont, for appellant.

W. D. Gordon, E. E. Easterling, and Thos. J. Baten, all of Beaumont, for appellees.

O'QUINN, Justice.

Appellant sued John Haney, Joe Haney, Lillie Smith, and her husband, D. R. Smith, Jr., to recover the balance due on a note executed by John Haney on December 1, 1928, in the sum of $50,000, payable to appellant in installments beginning on June 1, 1929, and to foreclose deed of trust lien given by John Haney on two certain parcels of property known as the Pearl street property, and the Neches and Milam street property, situated in the city of Beaumont, Jefferson county, Tex., to secure the payment of said note.

John Haney answered by general demurrer and general denial. Joe Haney, Lillie Smith, and her husband, D. R. Smith, Jr., answered by general demurrer, general denial, and cross-action. J. C. Leonard and J. C. Hestwood, trustees in the deed of

trust, and who had been made parties defendant, answered disclaiming any interest in the property involved.

Alice Berg, guardian of the persons and estates of Johnnie Haney, Dorothy Haney, and Mary Haney, minors, and for herself individually, joined by her husband, Hermon Berg, intervened, and adopted the answer of defendants Joe Haney, and Lillie Smith and her husband, specially plead the four-year statute of limitation against the cause of action asserted by appellant against the property upon which foreclosure of the deed of trust lien was sought, and prayed for the same relief as asked by defendants Joe Haney and Lillie Smith and her husband, D. R. Smith, Jr.

The parties filed amended pleadings at great length. We shall not attempt to set out the contentions as disclosed by these new pleadings, but will state that, in our opinion, the disposition of the suit will turn on the validity of a will executed by Mrs. Mary Haney, wife of John Haney, disposing of her interest in the property involved.

The case was tried to the court without a jury, and judgment was rendered in favor of appellant against John Haney for $57,-805, and for foreclosure of its lien on the Neches-Milam street property, and for foreclosure of its lien on the Pearl street property restricted to a one-third life estate interest of John Haney in same, and quieted the title and possession of the other defendants and interveners in and to the Pearl street property, except as to said one-third life estate of John Haney in said Pearl street property, and granted the defendants and interveners, other than John Haney, a perpetual injunction restraining appellant from interfering with such title and possession of said defendants and interveners in and to said Pearl street property. From that judgment, appellant brings this appeal.

The property upon which foreclosure of the deed of trust lien was sought consists of two parcels. First. Known and referred to herein as the "Pearl street" property, being a portion of lots 184, 185, and 186, in block 39 of the city of Beaumont, off of the north end of said lots, and known as the "Nash" property. Second. Lots 438, 439, and 440, in block 70 in the city of Beaumont, Tex., referred to as "the Neches and Milam street property" and known as the "Patillo" property.

On January 18, 1926, John Haney and wife, Mary Haney, executed their note to appellant in the sum of $40,000, and secured its payment by deed of trust on said Pearl street and Neches and Milam street property. By payments this note was reduced to $32,000.00. Mary Haney died on February 8, 1927. She left a will which reads as follows:

"The State of Texas, County of Jefferson.

"In the Name of God Amen, I, Mary Haney, of the county of Jefferson and State of Texas, being in good bodily health, and of sound mind, calling to mind the frailty and uncertainty of life, and being desirous of settling my worldly affairs, and directing how the estate which it has pleased God to bless me shall be disposed of after my decease, while I have strength and capacity so to do, do make and publish this my last will and testament, hereby revoking all other wills heretofore made.

"First: I direct that all my just debts and funeral expenses shall, by my executor, hereinafter named, be paid out of my estate, as soon after my decease shall be by him found convenient.

"Second: It is my desire and I so direct that once each week after my decease, my husband after he shall have qualified as executor, shall have a mass said at the Catholic church in Beaumont and Port Arthur, Texas, for the repose of my soul.

"Third: All of the property, personal, real and mixed, belonging to my estate of which I shall die seized and possessed, or to which I shall be entitled to at the time of my decease, I give, bequeath and devise unto my beloved husband, John Haney, as his own unconditionally.

"Fourth: I nominate and appoint my beloved husband, John Haney to be executor of this will and direct that no security be required of him as such executor.

"Fifth: It is my will that no action shall be had in the county court in the administration of my estate other than to prove and record this will, and return an inventory and appraisement of my estate and list of claims.

"The foregoing instrument, wholly written by myself, I make and publish as my last will, hereunto subscribing my name this 24th., day of December A. D. 1923.

her<br>"Mary  X  Haney<br>mark."

"Witness to mark:
"Alfred du Perier  W. J. Corder

The will was filed for probate, and on July 5, 1927, was duly admitted to probate and duly probated, and judgment of pro-

bate duly entered of record on the minutes of the county court. On hearing of the application for probate, the testimony of W. J. Corder, one of the parties witnessing "the mark," was preserved in the form of a sworn affidavit, and filed in the records of the court, and reads:

"Estate of Mary Haney, Deceased, No. 3290 John Haney, Executor. } In the County Court of Jefferson County, Texas, in Probate.

"On this, the 5 day of July, 1927, personally appeared in open court W. J. Corder, who being duly sworn, deposes and says: That on the 24th day of December, 1923, he was present and saw Mary Haney sign the instrument filed in this court on the 9 day of June, 1927, and now shown to him, bearing date 24th day of December, 1923, and purporting to be the last will of her, the said Mary Haney, and heard her publish and declare the same to be her last will and testament; that at the time of signing and publishing the same, the said Mary Haney was over twenty-one years of age, and was of sound mind; that the affiant and Alfred du Perier, whose signatures appear on said instrument of December 24, 1923, then being credible witnesses above the age of fourteen years, subscribed their names as witnesses to the same in the presence and at the request of the said testator, and in the presence of each other.

"That afterwards, on the 8th day of February, 1927, the said Mary Haney died, in the county of Jefferson and state of Texas, in which she had her domicile at the time of her death, and without having revoked said will so far as known to affiant."

This affidavit was properly signed and sworn to.

On the same day the will was probated, July 5, 1927, John Haney duly qualified by taking the oath as administrator.

The Neches and Milam street property was the community property of John and Mary Haney. The Pearl street property was the separate property of Mary Haney. At the time of the death of Mary Haney, and for years prior thereto, it was the homestead of John and Mary Haney.

After the death of Mary Haney and the qualification of John Haney as executor under the will, he being survivor of the community, and sole legatee and devisee under the will of Mary Haney to all of her estate, still owing $32,000 on the note of January 18, 1926, and desiring to borrow an additional sum of $18,000 from appellant, executed his note for $50,000 to appellant in extension of the original note for $40,000, and also executed a deed of trust on the two parcels of property mentioned, supra, to secure the payment of said note. The instant suit is to recover the balance due on said note and to foreclose the deed of trust lien given on two said parcels of property, to secure the payment of said note.

Appellees contend that the will of Mary Haney was, for several reasons, invalid, of no effect, and in fact, under the law, no will, and its probate void and without effect. Appellant insists that the will was regular, and its probate effective, under which John Haney took the property in question, and the lien therefore enforceable, and it was error for the court to decree otherwise. The court's judgment granting appellant a foreclosure of the deed of trust lien on the Pearl street property only as to one-third life estate interest in said property, was on the theory that the will was void, and its probate without effect, and that the fee title to said property was vested in appellees, the said property having been the homestead of John Haney and Mary Haney, and being Mary Haney's separate property.

Joe Haney and Lillie Smith were children of John Haney, and Mary Haney, and Johnnie Haney, Dorothy Haney, and Mary Haney, were the minor children of Alice Berg, surviving wife of Jim Haney, deceased, whom we infer (though it is neither alleged nor proven) was the son of John Haney, and his wife, Mary Haney, and so grandchildren of John and Mary Haney, deceased. They, Joe Haney and Lillie Smith, claim the Pearl street property by inheritance from their father and grandmother Mary Haney, deceased, said property being her separate property, and insist that the will of Mary Haney (set out supra) was void because not executed as required by article 8283, R.S.1925, and hence did not vest title to said property in John Haney, and so the deed of trust executed by John Haney on December 1, 1926, on said Pearl street property, to secure the payment of his note of said date to appellant in the sum of $50,000, was void and unenforceable against said property save only as to the one-third life estate interest of John Haney in same.

We think appellant's contention that the will was regular, executed in consonance with article 8283, R.S.1925, and duly and

legally probated, by which John Haney took all of the property involved, should be sustained.

■ Appellees say that article 8283 does not provide that a testator may execute his will by making his mark as his signature to the will, and apparently take the position that a will so executed is not "signed by the testator" as required by law. Such is not the rule in Texas, and we know of no decision of any jurisdiction that so holds. The will (set out supra) shows that the testator signed by her mark and the testimony of one of the witnesses, W. J. Corder, is that he was present and saw the testator "sign" the will, and heard her declare same to be her last will and testament. So that any question of the intent of the testator that the "mark" was intended by her as her signature was fully met. Article 3344, R.S.1925. Corder further testified that he and the other attesting witness, Alfred du Perier, signed the will in the presence of and at the request of the testator, and in the presence of each other. This fully authorized the probate of the will. Short v. Short (Tex.Civ.App.) 67 S.W.(2d) 425.

■ But appellees insist that the face of the will shows that Corder was not a witness to the will. The instrument was typewritten, and signed and witnessed thus:

"Mary X Haney mark."

her

"Witness to Mark
"Alfred du Perier W. J. Corder

The insistence is that the expression "witness to mark," being written above the name of "Alfred du Perier," limited the witnessing to him alone, and that the written name of W. J. Corder was not shown on the face of the will to be an attesting witness, and therefore it appears from the face of the will that it was not attested by two witnesses, and the probate court was without power to probate it as a will. The contention is without merit. Mary Haney could neither read nor write the English language. The will is in good form, and clear as to its intent and purposes. She signed by her mark, and, we think it clear from the face of the instrument that Alfred du Perier and W. J. Corder signed as witnesses to her signature. It is admitted that Alfred du Perier signed as a witness. The use of the word "witness" instead of "witnesses" to mark was used did not confine or restrict the witnessing to just one of those signing as such, neither does the position of the name "W. J. Corder" indicate or have the effect of excluding him as a witness to the will. 44 Tex.Jur. § 81, p. 624. Moreover, if it could be said that there was a doubt as to that, then evidence was admissible to explain his signing and the purpose thereof, and he testified, and his testimony was reduced to writing, and signed and sworn to by him, in which he testified that he and du Perier were present and saw the testator sign the will, and that they each signed same at the request of the testator, and in her presence, and in the presence of each other. The affidavit of Corder contained, also, all the other matters of fact required by the statutes necessary for probate of the will. Upon the evidence adduced, the will was probated and judgment accordingly entered. From this judgment admitting the will to probate and probating same, no appeal was taken. It cannot now be attacked collaterally. Whitman v. Haywood, 77 Tex. 557, 560, 14 S.W. 166; Richardson v. Bean (Tex.Civ.App.) 246 S.W. 1096–1098 (writ refused).

In their brief, appellees say: "* * * the whole question involved depends upon the validity of the reputed will of Mary Haney and the legal effect of its probate in the Jefferson county court."

Having held the will in all respects regular and valid, and its probate in accordance with the law, this determines the matter.

From what we have said, it follows that that portion of the judgment awarding appellant recovery of the amount of the debt and foreclosure of the deed of trust lien on the Neches and Milam street property should be affirmed, and that that portion of the judgment refusing appellant foreclosure of its deed of trust lien on the Pearl street property should be reversed and judgment here rendered for appellant foreclosing its said lien on all of said property, and it is so ordered.

Affirmed in part and reversed and rendered in part.