## CAYWOOD v. CAYWOOD et al.
### No. 2829.

Court of Civil Appeals of Texas. Waco.
Jan. 6, 1949.

Rehearing Denied Jan. 27, 1949.

Grace & Palmos, of Hearne, J. W. Garner, of Rockdale, and Coulter Hoppess, of Bryan, for appellant.

F. L. Henderson, John M. Barron, and W. C. Davis, all of Bryan, for appellees.

LESTER, Chief Justice.

This is an appeal from a judgment of the District Court of Brazos County which admitted to probate a letter as the last will and testament of E. H. Caywood, Jr. His mother, Mrs. Texsa Ann Caywood, and his sister, Mrs. Lillian Ann Hosek, are the proponents and his father, E. H. Caywood, Sr., is the contestant.

At the time the letter was written the deceased was a U. S. Navy Air Corps pilot and stationed at Halleter, California, and was expecting to be sent to Japan in the near future. He did leave for Japan on or about March 1, 1945, and was killed in action on or about July 25, 1945. The letter in full is as follows:

"Ens. Albert H. Gettings U.S.N.R.
"Vf Box 50 U. S. N. A. S.
"Melbourne, Florida.
"Halleter, California.
"February 19, 1945

"Dearest Mother,

"This is my room-mates stationery as you can plainly see. So happens that I am completely out at the moment.

"I received your and sisters letter this morning. Was glad to get them and thanks a lot for the poll tax receipt.

"During the past couple of months I have saved a little money and am inclosing it in the form of money orders. Please deposit this in my account in the City National Bank & more will be sent from time to time. I want this in the form of a *savings account*.

"Mother, please make this Separate from your accounts as I will make out an allotment to the City National Bank before going to sea. I plan to deposit around a hundred and fifty each month after going to sea.

"Be sure to do just as I have asked and I don't mean maybe. you see my *Will* is made out to you and sister so this will be easy for you to get if I was to have a little hard luck.

"Hope you can read this as I can't.
"Your son,
"E. H."

The case was tried upon an agreed statement of facts, including the above quoted letter, as follows:

"It is agreed and stipulated by the Proponent and Contestant, as follows, to-wit:

"1. That E. H. Caywood, Jr., wrote and signed the instrument offered in evidence for probate.

"2. That E. H. Caywood, Jr., was a member of the Armed Forces of the United States, at the time he wrote the instrument offered in evidence for probate and that said instrument was written within the territorial limits of the United States of America, being dated at Halleter, California, February 19, 1945, and that he left the territorial limits of the United States on or about March 1, 1945.

"3. That E. H. Caywood, Jr., was of sound mind when he wrote said instrument above mentioned.

"4. That E. H. Caywood, Jr., is now dead.

"5. That E. H. Caywood, Contestant herein is the father of E. H. Caywood, Jr., deceased, and Texie Ann Caywood, Proponent herein, is the mother of E. H. Caywood, Jr., deceased, and Lillian Ann Hosek is a sister of E. H. Caywood, Jr., deceased.

"6. That E. H. Caywood, Jr., was never married and his father, E. H. Caywood, and his mother, Texie Ann Caywood, Proponent and Contestant herein, are the sole and only heirs at law of E. H. Caywood, Jr.,

"7. That E. H. Caywood, Jr., was killed in action while in the service of the Armed Forces of the United States of America, on or about July 25, 1945.

"8. That at the time of the execution of the instrument offered for probate, that E. H. Caywood, Jr., was over twenty-one years of age.

"9. That the person called 'sister' in the instrument offered for probate, is the same person as Mrs. Lillian Ann Hosek.

"The instrument offered for probate is introduced herein as Proponent's Exhibit 1, and admitted in evidence, and a copy of same is shown at page 4 hereof."

The only question before this court is whether the instrument is testamentary in character.

■ An instrument that is wholly written in the hand of the deceased, regardless of form or language used, is his will if it is of testamentary character, and should be admitted to probate.

■ We are of the opinion that the instrument tendered for probate clearly reveals that he did not intend that it should be his last will and testament, but it was written mainly for the purpose of giving his mother directions as to the manner in which he wanted the money that he was sending to her deposited in the bank, and that that part of the letter in which he stated: "Be sure to do just as I have asked and I don't mean maybe. You see my *Will* is made out to you and sister so this will be easy for you to get if I was to have a little hard luck," clearly indicates that he intended that they would receive it not by the provisions of this letter but by the terms of the will that he said he had previously executed.

Appellees cite the case of Barnes v. Horne, Tex.Civ.App., 233 S.W. 859, which was a much stronger case than the one at bar. The court in effect held that if the language, taken by itself, indicates a definitely formed purpose that in event of his death his niece should have all of his property, and if it was his intention so to declare, he had made a will though he may not have known it; that is to say, he may have erroneously supposed that it was necessary to repeat this declaration by certain formalities which he technically called a will. If, on the other hand, he meant only to say that he expected to make a will and to state how he intended to dispose of his property in such will, then the language used would not constitute a will.

■ So, in the instant case, if the deceased meant only to say that he had executed a will and to state to whom he had disposed of his property in such will, then the language used would not constitute a will. In the case of Langehennig v. Hohmann, 139 Tex. 452, 163 S.W.2d 402, 405, point 3, it is stated: "It is held further that an instrument is not a will, regardless of its correctness in form, unless the maker intended it to be a testamentary disposition of his property; that an instrument cannot be given the legal effect either of a will or of a revocation of a former will unless it was written and signed with the intention to make it a will or a revocation; and that testamentary intent on the part of the maker is a proper issue for determination in a proceeding to probate or in a contest of an application to probate. Shiels v. Shiels, Tex.Civ.App., 109 S.W.2d 1112; Brackenridge v. Roberts and McIntyre, 114 Tex. 418, 432, 267 S.W. 244, 270 S.W. 1001; Redmond v. Redmond, Tex.Civ.App., 127 S.W.2d 309." The instrument in question neither expressly nor impliedly reflects an intention on the part of the deceased that this instrument should constitute a revocation of the will he had previously made, and it could not be revoked by such general terms as used. We are unable to agree with the appellees' contention that the letter, taken in connection with paragraph No. 2 of the agreed statement of facts, is sufficient to make it testamentary in character. Appellees rely, among others, upon the cases of Milam v. Stanley, 111 S.W. 296, 33 Ky.Law Rep. 783, 17 L.R.A.,N.S., 1126; Cartwright v. Cartwright, 158 Ark 278, 250 S.W. 11; Gattward v. Knee (Eng.) 4 BRC 895; Rice v. Freeland, 131 Va. 298, 109 S.E. 186. The facts in these cases, as said concerning those in Barnes et al. v. Horne et al., supra, are somewhat stronger in favor of the proponent than those found in the case at bar.

After serious consideration, we are of the opinion that the instrument in question is lacking in testamentary character. Therefore, the cause is reversed and judgment rendered denying the instrument admission to probate.