## EX PARTE MARVIN E. SHAPIRO.

No. 24956. October 11, 1950.
Appellant's Motion for Rehearing Denied (Without Written Opinion) November 29, 1950.

*Joe Van Derveer,* Chattanooga, Tenn., and *Hatchell, Storey, Hatchell & Rainey,* by *J. W. Rainey, Jr.,* Longview, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Relator was tried in the corporation court of Longview in Gregg County on June 8, 1950, for a violation of a city ordinance and therein fined the sum of $10.00. Thereafter, he sued out a writ of habeas corpus before the county judge of such county, alleging many grounds in which the ordinance of such city offended against the State Constitution. On June 16, 1950, the county judge, after a hearing, refused to discharge the relator and ordered him held in the custody of the chief of police of Longview until such fine and costs should be paid. He immediately gave notice of appeal to this court and entered into a proper bond to await its action.

On June 29, 1950, the judge of the corporation court of Longview, upon the motion of the city attorney of said city, set aside the judgment of conviction of relator for such charged violation of this city ordinance and held its said judgment of June 8, 1950, to be of no further force and effect and thus discharged the defendant (relator) therefrom. A certified copy of such order is found in this record. Therefore, it appears from the record that the dismissal of the judgment in the original cause in the corporation court vacates any process issued thereunder because of a conviction under the original complaint; that any process under which the chief of police holds the relator is therefore void; and that he is entitled to his discharge therefrom.

Relator's attorneys have filed an exhaustive brief attacking the constitutionality of such ordinance which evidences much research, but such matter is not here passed on. However, on account of the question of the relator's detention having become moot, he should be ordered discharged herein. See Ex parte Minus, 118 Tex. Cr. R. 170, 37 S.W. (2d) 1040.

Relator in his brief suggests that because of his having given

notice of appeal in this habeas corpus case, therefore,. the jurisdiction of this court immediately attached and any further action in the matter in the city court would be void and in contempt of this court. We think he construes the instant action as an appeal from the city court judgment. The record shows that fine of ten dollars was assessed against him in the trial in the corporation court, and under the law no appeal lies therefrom to this court. See Art. 876, C.C.P.; Holman v. State, 73 Tex. Cr. R. 576, 166 S.W. 506; also Art. 53, C.C.P.; Bass v. State, 153 Tex. Cr. R. 441, 221 S.W. (2d) 239, and cases cited.

This present appeal is taken in a writ of habeas corpus proceeding which cannot be used as a means of an appeal from a nonappealable case. The dismissal of the cause in the corporation court relieves the relator of any liability as far as the city court judgment is concerned; and the very thing he was complaining of in the habeas corpus hearing has been removed and he has succeeded in his purpose set forth therein.

This cause is therefore dismissed.