**Audrey PRICE et al., Appellants,**

**v.**

**Louise Lorenz HUNTSMAN et al., Appellees.**

**No. 4713.**

Court of Civil Appeals of Texas.

Waco.

Aug. 1, 1968.

Rehearing Denied Aug. 29, 1968.

Kipling F. Layton, Mahoney, Shaffer & Hatch, Corpus Christi, Wm. B. Martin, Hillsboro, for appellants.

Farrell D. Smith, Philip A. Schraub, Butler, Schraub & Gandy, Corpus Christi, E. B. Grimes, Robstown, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a summary judgment denying probate to writings of May 17, 1964, (in the hand of Velma B. Lorenz), as a codicil to the will of Velma B. Lorenz, deceased.

Velma B. Lorenz executed a will, prepared by Honorable E. B. Grimes, attorney, on June 16, 1961, by which she bequeathed all of her properties to Mrs. Louise Lorenz

Huntsman and to John F. Lorenz (relatives of her deceased husband). Velma Lorenz was a school teacher. Her husband was dead, and she had no children, or close relatives of her own. She missed school on Thursday, May 14, and Friday, May 15, 1964 because she was ill. Visitors to her home on these dates, and on May 16, and May 17, 1964 testified that she appeared ill physically, but mentally alert on such dates. On May 18, 1964 she was found unconscious in her home, taken to the hospital where she died on May 23, 1964 (of a heart attack) without ever regaining consciousness. On her desk in her home, on May 18, 1964, was found an envelope partially sealed and addressed: "To Mr. E. B. Grimes, Attorney." The envelope was delivered to Mr. Grimes, who opened same. Such contained five savings account books, the key to Mrs. Lorenz' bank box, a $20. bill, and two writings (all in the handwriting of Mrs. Lorenz) as follows:

*Page 1*

"May 17, 1964

"Dear Mr. Grimes,

"I've been ill and unable to go to your office. I would like to make some changes in my will regarding the bonds and savings accounts. Fee enclosed.

"When you probate the will please have it done as I wish and take your fees and costs from the Lorenzs and not from my friends.

"Thank you.

"Velma B. Lorenz.

"The will is in deposit box Robstown National."

*Page 2*

"May 17, 1964

"Changes to be made in my will:

Government bonds to Lynette and Louann Huntsman.

"United Savings account to Mrs. Louise L. Huntsman.

"First Savings account to Mrs. Louise Lorenz.

"Robstown Savings Account to Miss Audrey Price.

"Corpus Christi Savings account to Mr. and Mrs. J. H. Philbrick.

"Pioneer account of Waco to Mr. W. Enloe Simmons of Hillsboro.

(Signed)—Velma B. Lorenz"

Appellee, Mrs. Louise Lorenz Huntsman offered the June 16, 1961 will of deceased for probate, and appellants Price, Philbrick and Simmons offered the writings of May 17, 1964 for probate. The County Court of Nueces County, after hearing, entered judgment probating the will of June 16, 1961 and denied probate of the writings of May 17, 1964. Appellants appealed to 117th District Court of Nueces County. Both appellee and appellants moved for summary judgment. The trial court granted appellees' motion to probate the will of June 16, 1961, and denied appellants' motion to probate the writings of May 17, 1964.

Appellants appeal on 3 points, contending 1) the trial court erred in granting appellees' motion and denying appellants' motion, for the reason that as a matter of law the writings of May 17, 1964 constitute a codicil to the last will of Velma B. Lorenz, deceased.

2) The trial court erred in granting appellees' motion for the reason appellants are entitled to a fact issue as to whether the writings of May 17, 1964 constitute a codicil to the will of Velma B. Lorenz, deceased.

The sole question presented is whether the writings of May 17, 1964 constitute a codicil to the will of the deceased.

■ To be effective as a will or codicil, the writing must be testamentary in character. An instrument is not a will (or codicil) unless it is executed with testamentary intent. The animus testandi does not depend upon the maker's realization that he is making a will, or upon his designation of the instrument as a will, *but upon his in-*

*tention to create a revocable disposition of his property to take effect after his death. It is essential, however, that the maker shall have intended to express his testamentary wishes in the particular instrument offered for probate.* Hinson v. Hinson, 154 Tex. 561, 280 S.W.2d 731, 733. And an instrument cannot be given effect as a will or codicil "unless it was written and signed within the intention to make it a will * * *." Caywood v. Caywood, Tex.Civ. App., Er. Ref., 216 S.W.2d 821, 823.

And it is the duty of the court to construe the instrument from the words used therein; and the intent of the testator must likewise be determined from such instrument. Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885, 888.

40 A.L.R.2d, p. 714 states the rule thusly:

"An essential to the testamentary character of a letter is that the writer intend by that very instrument to make a posthumous disposition of his property."

Disposition here turns on the sole question of whether Mrs. Lorenz intended by the writing of May 17, 1964 to create with such writings her will or codicil; or if by such writings she intended instructions to her attorney, Honorable E. B. Grimes, for the preparation of a new will or a codicil to include the changes designated in the writings.

The writing consists of two pages, and was sealed in an envelope addressed to "Mr. E. B. Grimes, Attorney." The first page was a letter addressed to Mr. Grimes and directs him to make changes to her will and encloses the fee. The second page denominates "changes *to be* made in my will", and lists same.

We think the intent of the deceased is clear and unambiguous that the May 17th writings were not themselves intended to be her will or codicil, but were instructions or directions to her attorney to prepare a new will or codicil, carrying out the designated changes. See: 1 Bowe-Parker: Page on Wills, Sec. 5.14 pp. 195, 199; In re Sorenson's Estate, Tex.Civ.App., n. r. e., 370 S.W.2d 225 and authorities there cited. The judgment is correct. Appellants' points and contentions are overruled.

Affirmed.