**In re ESTATE of Barney Victor WILSON, Deceased.**

**No. 5586.**

Court of Civil Appeals of Texas, Waco.

July 22, 1976.

Rehearing Denied Aug. 5, 1976.

Andress, Woodgate & Lodewick, Dallas, for appellant.

HALL, Justice.

After a hearing without a jury, the trial court determined a letter written by Barney Victor Wilson, now deceased, is not testamentary in nature. Solely upon that ground, the court denied the appellant's application for probate of the letter as the deceased's will. We affirm this ruling.

The letter was written to the appellant and was mailed to her at her home in Dallas from the deceased in San Francisco. It is dated May 22, 1971, and reads as follows:

Dear Dorothy:

I do not know if this letter will ever reach you—but let's hope so.

Either the last of June or early part of July I will undergo major surgery at the Veterans Administration Hospital, "Fort Riley," here in San Francisco. I am at present in the Hospital but was give a few days "pass" to handle some pressing business.

Dorothy, I don't have a large amount of money but I do have more than I thought I ever would—what I am trying to say is that I don't want my money to go the State of Calif. because I do not have any heirs and as for blood relations I don't have-not any heirs.

Now all I want you to do is send me your legal name which I do not know—such as Dorothy Lucille Tarver or whatever is correct—I will need this for a "will"—you can also be assured my will as filed will need an address of yours where you can be located in the future—

you move around so much no one but the F.B.I. could find you.

Love,

B. V.

Barney Victor Wilson died on May 6, 1975. He was 66 years of age. He is not survived by any relative. Other than the letter in question, he did not execute any instrument which is purportedly a will. The deceased and the appellant were married and divorced prior to the time of the writing of the letter. At the time it was written, they were contemplating remarriage. Later, they did remarry in Dallas County. This marriage was later annulled, but they continued frequent contact with each other. When called upon to do so, such as when entering a hospital, the deceased would name the appellant as the person to be notified in the event he died. When he was found dead in a rented apartment, there was a note in his billfold to notify the appellant in the event of his death or disability. This was done, and she took charge of his burial and his effects.

An essential to the testamentary character of a writing is the intent of the writer to make a posthumous disposition of his property by that very instrument. *Price v. Huntsman,* 430 S.W.2d 831, 833 (Tex.Civ.App.—Waco, 1968, writ ref., n. r. e.). There is no expression in the letter in question that it should operate as a disposition of the deceased's property. At most, it expresses an intent on his part to make a will in the future in favor of the appellant. This language lacks testamentary intent. It does not constitute a will. *Hinson v. Hinson,* 154 Tex. 561, 280 S.W.2d 731, 733 (1955); *Caywood v. Caywood,* 216 S.W.2d 821, 823 (Tex.Civ.App.—Waco, 1949, writ ref.).

The judgment is affirmed.