Betty LUKER, Appellant,

v.

John YOUNGMEYER, Independent Executor of the Estate of Margaret E. Whiteley, Deceased, Appellee.

No. 12–00–00199–CV.

Court of Appeals of Texas, Tyler.

Dec. 19, 2000.

Timothy A. Hootman, Houston, for appellant.

Michael R. Tibbets, Houston, for appellee.

Panel consisted of DAVIS, C.J., HADDEN, J., and WORTHEN, J.

HADDEN, Justice.

In this will contest, Betty Luker ("Luker") appeals a summary judgment granted in favor of John Youngmeyer ("Youngmeyer"), Independent Executor of the Estate of Margaret E. Whiteley, Deceased. Luker presents two issues for our consideration. We affirm.

### BACKGROUND

The summary judgment evidence in this case shows that in 1989, Margaret E. Whiteley ("Whiteley") consulted attorney Jack Babchick ("Babchick") about estate planning. After consulting with Babchick, Whiteley signed a Declaration of Trust on December 21, 1989, establishing the Margaret E. Whiteley Charitable Trust (the "trust"). She also executed a last will and testament on January 15, 1990 (the "1990 will"). Youngmeyer was named as independent executor in the 1990 will. White-

ley died on November 9, 1999. After Whiteley's death, Youngmeyer filed the 1990 will for probate. Before the 1990 will was probated, Luker, who was Whiteley's live-in caregiver during the last several years of her life, filed an opposition to the probate of the 1990 will and a separate objection to Youngmeyer's appointment as executor. In her opposition, Luker contended that Whiteley had revoked and superseded the 1990 will with a subsequent holographic will. The alleged holographic will consists of three handwritten pages and is set forth in the appendix attached hereto.

### SUMMARY JUDGMENT

Youngmeyer filed a motion for summary judgment arguing that the handwritten instrument at issue was not a valid holographic will or codicil because it was not signed by Whiteley. Youngmeyer asserted that Whiteley's name appeared only one time in the instrument in a reference to the "Margaret E. Whiteley Charitable Trust." He contended that such a reference was insufficient to show that Whiteley intended to execute the holographic instrument as required by law. Further, he argued that Whiteley signed her name in cursive twice on the 1990 will demonstrating that Whiteley was accustomed to signing her name on legal documents in cursive and not in print.

In Luker's response to Youngmeyer's motion, she argued that the writing of "Margaret E. Whiteley" complied with the requirements of the Texas Probate Code and that the language in the document evidenced a testamentary intent. Further, Luker contended that there was no legal requirement that the testator's signature be in cursive. Luker also attached her affidavit to her response. In her affidavit, Luker testified that Whiteley "often wrote her name instead of signing it."

Youngmeyer filed a supplement to his motion for summary judgment reasserting that there was no signature on the document. In addition, Youngmeyer asserted

that the three handwritten pages relied upon by Luker were actually two separate documents. He contended that the page referring to the "Margaret E. Whiteley Charitable Trust" dealt with the charitable trust she had established in 1989, while the remaining pages dealt with matters related to her will. Youngmeyer argued, therefore, that those pages with testamentary provisions were unsigned and could not constitute a valid will or codicil.

### STANDARD OF REVIEW

In its order granting Youngmeyer's motion for summary judgment, the trial court found that the handwritten document was not signed and, therefore, was not a valid will or codicil. When the trial court's order explicitly specifies the ground relied on for the summary judgment ruling, the summary judgment can only be affirmed if the theory relied on by the trial court is meritorious. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). In this case, Youngmeyer filed a traditional motion for summary judgment pursuant to Texas Rule of Civil Procedure 166a(c). Under Rule 166a(c), summary judgment is proper only when the movant demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); TEX.R. CIV.P. 166a(c). When deciding whether there is a disputed material fact issue precluding summary judgment under Rule 166a(c), we treat evidence favorable to the nonmovant as true and we resolve any doubts in its favor. *Id.*

### VALIDITY OF THE HANDWRITTEN INSTRUMENT

In issue one, Luker argues that the trial court erred in granting Youngmeyer's motion for summary judgment. In issue two, Luker contends that a holographic will need not be signed in cursive. Under these issues, Luker asserts that her affidavit testimony creates a fact question as to

whether it was customary for the deceased to print her name instead of signing it. She also asserts that whether the words "Margaret E. Whiteley Charitable Trust" merely refer to the title of the trust Whiteley created in 1989 is a question of fact.

■ "An instrument is not a will (or codicil) unless it is executed with testamentary intent." *Price v. Huntsman,* 430 S.W.2d 831, 832 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.). Testamentary intent "does not depend on the maker's realization that he is making a will, or upon his designation of the instrument as a will ... It is essential, however, that the maker shall have intended to express his testamentary wishes in the particular instrument offered for probate.'" *Id.* at 832–33 (quoting *Hinson v. Hinson,* 154 Tex. 561, 280 S.W.2d 731, 733 (1955)). Accordingly, "an instrument cannot be given effect as a will or codicil 'unless it is written and signed within the intention to make it a will ...'" *Id.* at 833 (quoting *Caywood v. Caywood,* 216 S.W.2d 821, 823 (Tex.Civ. App.—Waco 1949, writ ref'd.)) Further, the facts and circumstances surrounding the instrument's execution "may be looked to in determining whether the maker intended it to be a testamentary disposition of his property or merely to be used for some other purpose." *Shiels v. Shiels,* 109 S.W.2d 1112, 1113 (Tex.Civ.App.—Texarkana 1937, no writ).

As indicated above, attested and holographic wills must be signed by the decedent. Tex.Prob.Code Ann. §§ 59, 60 (Vernon 1980 & Supp.2000). Texas courts have been lenient concerning the location and form of a "signature." *Mortgage Bond Corp. of New York v. Haney,* 105 S.W.2d 488, 491 (Tex.Civ.App.—Beaumont 1937, writ ref'd) (approving an "X" as a sufficient signature on an attested will); *Barnes v. Horne,* 233 S.W. 859, 859 (Tex. Civ.App.—Austin 1921, no writ) (holding that handwritten letter concluding, "Your

brother, Ed," was sufficiently signed); *Lawson v. Dawson's Estate,* 21 Tex.Civ. App. 361, 53 S.W. 64, 65 (Dallas 1899, writ ref'd) (holding that a handwritten will beginning, "I, J.P.J. Dawson, being of sound mind ... make this my last will and testament ..." was sufficiently signed). However, while the signature may be informal and its location is of secondary importance, it is still necessary that the maker intend that his name or mark constitute a signature, i.e., that it expresses approval of the instrument as his will. *See id.; see also* 9 Aloysius A. Leopold & Gerry W. Beyer, Texas Practice: Texas Law of Wills § 18.9 (1992).

■ The Declaration of Trust (the "declaration") in this case established the Margaret E. Whiteley Charitable Trust, an *inter vivos* trust. The declaration designated Whiteley as both trustor and trustee of the trust estate. It also stated that during the lifetime of the trustor, the trustee would pay the trustor a certain percentage of the fair market value of the trust estate on a quarterly basis. Further, it provided that the trust would terminate at Whiteley's death and that upon termination of the trust, the remaining assets in the trust estate would be distributed to the following "remainder beneficiaries": (1) ninety percent to Clayton Library Friends Endowment Fund and (2) ten percent to Rice University. Finally, the declaration stated that Whiteley reserved the right to change the remainder beneficiaries and the percentage of the trust estate distributed to the remainder beneficiaries

The writings at issue consist of three pages. The pages are not numbered or dated. Whiteley's name appears on one page. Although not presented to the trial court in this order, we will refer to this page as "Page A." Underneath her name on this page, Whiteley also wrote [1] the words "Charitable Trust." Further, she

---

1. For purposes of this opinion, we will assume that the three pages are in Whiteley's handwriting.

indicated her desire to distribute money to First United Methodist Church and Rice University and directed that the "remainder" be distributed to the Clayton Library Friends Endowment Fund. These provisions are entirely consistent with those found in the declaration referred to above.

On the other hand, one of the remaining pages contains five cash bequests to individuals and a residuary clause. This page will be referred to as "Page B." The third page contains the designation of an executor and will be referred to as "Page C." As Youngmeyer points out, these pages track the format of the 1990 will and contain bequests that are the same as bequests in the 1990 will. Further, the residuary clause contained in Page B is different from the one contained in Page A.

Having reviewed the summary judgment evidence, we conclude that Whiteley's name appears on Page A as part of the title of the trust she created in 1989. As support for this conclusion, we note that, when Page A is viewed as a whole, it does not pertain to the testamentary provisions contained in Pages B and C. *Price,* 430 S.W.2d at 832 (holding that decedent did not intend for her writings to be a will or codicil, but were instructions to her attorney to prepare a new will or codicil). Rather, Page A is a separate, non-testa-mentary document listing changes, or potential changes, to the trust. *In re Estate of Canales,* 837 S.W.2d 662, 665 (Tex. App.—San Antonio 1992, no writ) (noting the difference between testamentary dispositions and *inter vivos* trusts). Thus, Whiteley did not intend for her name on Page A to express her approval of the testamentary provisions contained in Pages B and C as her will. *See Mortgage Bond Corp. of New York,* 105 S.W.2d at 491; *see also* 9 ALOYSIUS A. LEOPOLD & GERRY W. BEYER, TEXAS PRACTICE: TEXAS LAW OF WILLS § 18.9 (1992). As such, Whiteley's name does not constitute her signature, and therefore, the writings submitted by Luker are not a valid will or codicil. TEX.PROB.CODE ANN. §§ 59, 60. We disagree with Luker's contention that her affidavit creates a material fact issue. Whether Whiteley customarily printed her name or not is inconsequential in light of the particular circumstances surrounding the writings at issue.

### CONCLUSION

Based on the foregoing, we conclude that summary judgment was properly granted in favor of Youngmeyer. Accordingly, Appellant's issues are overruled.

The judgment of the trial court is *affirmed.*

632

EXHIBIT A

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

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

To    Mary Prescilla Buttler
one hundred thousand dollars ($100,000)
    SS. no. 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
  2953 Bridgeview Dr
  Gainsville, GA 30507 5355

  To  Tobias Allen Whiteley
      SS no. 252-86 7357
  2868 Forest Court
  Loganville GA 30249

  One hundred thousand dollars ($100,000)

  To Clemence V. Whiteley
  1787 Silliman Dr
  Baton Rouge, LA 70808

  Ten Thousand Dollars ($10,000)
To  BettyLou Luker  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
  1430 26. Knollcrest
  Houston, Tx 77015  P.O.Box 980043  77098-0043
One Hundred Thousand Dollar ($100,000.)

To  Alicia Justis Demmons
  6405 Bryce Glen
  Houston, Tx 77056
One Hundred Thousand Dollar ($100,000)

  Residue of estate to remain invested and
be administered by BettyLou Luker, Trostee, to
maintain property at 2215 Dunstan, Houston,Tx 77005
as a home and care of my Siamese cat Sweetie
No major construction change shall occur
to house and yard

C0015

Margaret E. Whiteley
Charitable Trust

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

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

$10,000 to First United Methodist Church
         Main Street
         Houston, Tx

$10,000. to Rice University Houston Tx

Remainder to Clayton Library Friends
Endowment Fund

*Executrix of my will shall be*
*Carol Cantrell, CPA*
*2001 Kirby Drive, Suite 1120*
*Houston, TX 77019756033*
*(713) 520-9100*

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