COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| IN THE MATTER OF THE ESTATE OF | § | No. 08-07-00038-CV |
| KENNETH ALLEN ROMANCIK, | | Appeal from the |
| DECEASED. | § | |
| | § | Probate Court #2 |
| | § | of El Paso County, Texas |
| | § | (TC# 2005-P00577) |
| | § | |

**O P I N I O N**

This appeal is from a bench trial admitting the decedent's will to probate. The decedent's wife, the contestant in the trial court, raises two issues for review. First, she challenges the trial court's determination that the will satisfied the requirements of Texas Probate Code sec. 59. Second, she argues the affirmative defense of laches bars the will's admittance. We affirm.

The facts of this case are mostly undisputed. The decedent, Kenneth A. Romancik died on July 18, 2001 in El Paso. He was married to Carol Romancik at the time of his death. He did not have any children.

Shortly after her husband's death, Carol filed a small estate administration. Through the administration, Carol transferred the title on Kenneth's vehicle and collected his final paycheck. At the time of the administration, Carol was not aware that Kenneth had a will.

Nothing further happened until June 7, 2005, when Genevieve Romancik, Kenneth's mother, filed a application to probate the will, the subject of this appeal ("the will"). The will is four typed pages titled, "LAST WILL AND TESTAMENT OF Kenneth A. Romancik." It states:

[Page A]

LAST WILL AND TESTAMENT OF

Kenneth A. Romancik

I.

I, Kenneth A Romancik, residing at El Paso, Texas, being of sound mind and in the contemplation of the certainty of death, do hereby declare this instrument to be my last will and testament.

II.

I hereby revoke all previous wills and codicils.

III.

I direct that the disposition of my remains be as follows:
I want to have a military funeral in El Paso, Texas.

IV.

I give all the rest and residue of my estate to the following individuals, share and share alike:

Genevieve Romancik

If none of my designated beneficiaries survives me, I give all the rest and residue of my estate to Carol A. Romancik. If neither [Genevieve Romancik] nor Carol A. Romancik, survives me, I give all the rest and residue of my estate to my heirs as determined by the laws of the State of Texas, relating to descent and distribution.

V.

I appoint Genevieve Romancik, to act as the executor of this will, to serve without bond. Should Genevieve Romancik be unable or unwilling to serve, then I appoint Carol A. Romancik to act as the executor of this will.

I hereby affix my signature to this will on this the 4 day of October, 1999

[Page B]

at Mail Boxes Etc., in the presence of the following witnesses, who witnessed and subscribed this will my request, and in my presence.

ATTESTATION CLAUSE

On the date above written, Kenneth A. Romancik, well known to us declared to us, and in our presence, that this instrument, consisting of 3 pages, is their last will and testament, and Kenneth A. Romancik, then signed this instrument in our presence, and at Kenneth A. Romancik's request we now sign this will as witnesses and in each other's presence. Further that Kenneth A. Romancik, appeared to us to be of sound mind and lawful age, and under no undue influence.

Witness:

[sig] Genevieve Romancik
Address:  2102 Chris Roark Pl.

Witness:

[sig] Corina Eckhart
Address:  1605 George Dieter  El Paso, Tx  79936

Witness:

[sig] Ana Smith
Address:  1605 George Dieter  El Paso, Tx  79936

STATE OF TEXAS
COUNTY OF United States of America

[Page C]

REVOCATION OF WILLS-  CODICILS

I Kenneth A. Romancik, herewith revoke all previous wills and codicils.

Dated:  10-4-99

[sig] Kenneth A. Romancik

We, the undersigned, witnessed the execution of this document by Kenneth A. Romancik, and Kenneth A. Romancik expressed to us that this document expressed their desires.

-3-

[sig] Genevieve Romancik     Dated:  10-4-99

[sig] Corina Eckhart     Dated:  10-4-99

[Page D]

Before me, the undersigned authority authorized to take acknowledgments and administer oaths, personally appeared:

Kenneth A. Romancik

who after being having duly sworn or affirmed to tell the truth, stated:

1.      That Kenneth A. Romancik declared this instrument to be their last will and testament to the witnesses.

2.      That Kenneth A. Romancik signed this instrument in their presence.

3.      That the witnesses signed as witnesses in the presence of Kenneth A. Romancik and each other.

4.      That Kenneth A. Romancik is well known to the witnesses, and the witnesses believe Kenneth A. Romancik to be of lawful age, of sound mind and under no undue influence or constraint.

[sig] Ana Smith
Officer

Title of Officer:  Notary Public

My Commission Expires:  8-16-03.

Appellant filed her original petition opposing probate of the will on March 24, 2006.[1]

_____

[1] According to Carol's trial testimony, she was under the impression that Kenneth did not have a will at the time of his death.  She did not become aware of the probate proceeding at issue in this case until April 2005, when she was contacted by Chicago attorney, who informed her that Genevieve had filed a lawsuit on behalf of herself, and as the representative of Kenneth's estate, against Metabolife International, Inc. and The Chemins Company, Inc., in Federal District Court for the Southern District of New York State.  In the federal suit, Genevieve alleged that Kenneth's death was caused by his ingestion of the dietary supplement "Metabolife 356" which was marketed by Metabolife International.  Metabolife filed an objection to Genevieve's application to probate this will on June 22, 2005, arguing in part, that the estate had previously

In her amended petition, Carol argued the will did not comply with the statutory requirements of Section 59 of the Texas Probate Code. Specifically, she argued page C, where Kenneth's signature appears, was not part of the document at all, but had been added to an otherwise unsigned will. Carol also asserted an estoppel defense, arguing that Genevieve's knowledge of the small estate administration should prevent the will from being admitted to probate almost four years after the estate was closed. Following a bench trial, the trial court ordered the will admitted to probate, and appointed Genevieve independent executor of the estate.

In Issue One, Carol Romancik argues the trial court erred in admitting the will to probate because the document was not signed by the testator and therefore is invalid under Section 59 of the Texas Probate Code. When a purported will is neither holographic or self-proving, as is the case here, Section 59 requires, in relevant part:

> (a)    Every last will and testament, except where otherwise provided by law, shall be in writing and signed by the testator in person or by another person for him by his direction and in his presence, and shall, if not wholly in the handwriting of the testator, be attested by two or more credible witnesses above the age of fourteen years who shall subscribe their names thereto in their own handwriting in the presence of the testator.

TEX.PROB.CODE ANN. § 59(a)(Vernon 2003).

There is no dispute between the parties that the signature on page C is Kenneth's. The question is whether the four pages admitted to probate satisfied Section 59. Generally whether a document complies with the statute is a question of law. *See Eckels v. Davis*, 111 S.W.3d 687, 694 (Tex.App.--Fort Worth 2003, pet. denied). However, in this case the answer to the

been administered, that Genevieve was not the true estate representative, and identifying Carol as Kenneth's wife and estate administrator. Following Metabolife's objections, the trial court issued a show cause order for Carol to appear at the probate proceeding. Carol filed her original petition in opposition to probate shortly thereafter.

overarching legal question depends on the resolution of a fact issue.  That is, whether the signature satisfies Section 59 depends on what Kenneth intended by signing page C.  *See Luker v. Youngmeyer*, 36 S.W.3d 628, 630 (Tex.App.--Tyler 2000, no pet.)("An instrument is not a will (or codicil) unless it is executed with testamentary intent.").

Historically, Texas courts have treated questions of intent in a variety of circumstances as uniquely within the realm of the fact finder because the determination of an individual's intent in taking a particular action is so dependant on evaluation of witnesses and credibility.  *See City of Dallas v. Jennings*, 142 S.W.3d 310, 314 (Tex. 2004); *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 378 (Tex. 1993); *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986); *See also In re Estate of Steed*, 152 S.W.3d 797, 804 (Tex.App.--Texarkana 2004, pet. denied)(in the context of answering the legal question of a party's domicile, an individual's intent to make a location a permanent home is a fact question); *Guthrie v. Suiter*, 934 S.W.2d 820, 831 (Tex.App.--Houston [1st Dist.]1996, no writ)(summary judgment precluded by fact question regarding testator's capacity and intent following brain surgery); *Russell v. City of Bryan*, 797 S.W.2d 112, 115 (Tex.App.--Houston [14th Dist.] 1990, writ denied)(grantor's intent in executing deed is a fact question); *Turboff v. Gertner, Aron & Ledet Investments*, 763 S.W.2d 827, 830 (Tex.App.--Houston [14th Dist.] 1988, writ denied)(in contract law, the question of the parties' intent in signing a document is one for the fact finder); *Lee-Emmert v. Macatee, Inc.*, 410 S.W.2d 489, 490 (Tex.Civ.App.--Dallas 1966, no writ)(intent to waive a defense in estoppels context is a fact question); *Manziel v. Williams*, 262 S.W.2d 437, 438 (Tex.Civ.App.--Texarkana 1953, no writ)(whether party possessed the required intent to deceive for purposes of establishing fraud cause of action is a fact question).

Testamentary intent does not depend on the testator's realization that he is making a will, but rather in his intent to express his testamentary wishes in the instrument offered for probate. *Luker*m 36 S.W.3d at 630. To determine whether the testator intended a particular document to be a testamentary disposition of his property, the court may consider the facts and circumstances surrounding the instrument's execution. *Id.*, *citing Shiels v. Shiels*, 109 S.W.2d 1112, 1113 (Tex.Civ.App.--Texarkana 1937, no writ).

The location of the signature within the document has long been considered in determining the testator's intent. Traditionally, Texas courts have accepted a wide variety of locations and forms as satisfying the "signature" requirement of Section 59. See *Luker*, 36 S.W.3d at 630, *citing Mortgage Bond Corp. of New York v. Haney*, 105 S.W.2d 488, 491 (Tex.Civ.App.--Beaumont 1937, writ ref'd)(testator's "x" was a sufficient signature on attested will); *Barnes v. Horne*, 233 S.W.2d 859, 859 (Tex.Civ.App.--Austin 1921, no writ)(handwritten letter concluding, "Your brother, Ed," was a sufficient signature); *Lawson v. Dawson's Estate*, 53 S.W. 64, 65 (Tex.Civ.App--Dallas 1899, writ ref'd)(handwritten will beginning, "I, J.P.J. Dawson, being of sound mind . . . make this my last will and testament . . ." was sufficiently signed). The key inquiry however, remains whether the testator intended the mark to constitute an expression of his testamentary intent. *Luker*, 36 S.W.3d at 630.

Without the benefit of the trial court's findings of fact and conclusions of law, we must infer that the court found all fact questions in favor of the judgment, and will affirm that judgment on any legal theory supported by the evidence. *See Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 580 (Tex.App.--El Paso 2004, pet. denied). By admitting the will to probate, the trial court implicitly determined that the signature on page C was an expression of

Kenneth's intent to make the document a will. *See Luker*, 36 S.W.3d at 630 ("It is essential, however, that the maker shall have intended to express his testamentary wishes in the particular instrument offered for probate," *quoting Price v. Huntsman*, 430 S.W.2d 831, 832 (Tex.Civ.App.--Waco 1968, writ ref'd n.r.e.)).

Carol has not challenged the legal or factual sufficiency of the evidence in support of this finding.[2] *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)(when the reporter's and clerk's record are available to the appellate court, a trial court's implied fact findings may be challenged for legal and factual sufficiency). Because we are bound by the trial court's fact findings, including the trial court's implicit finding that Kenneth Romancik intended his signature on page C to be his testamentary mark; we must hold that the document satisfies the statutory requirements. Issue One is overruled.

In Issue Two, Appellant argues the doctrine of laches requires reversal. Generally, laches is an affirmative defense comprised of two elements: (1) a party's unreasonable delay in asserting a legal or equitable right; and (2) a good faith and detrimental change of position due to the delay. *Doncaster v. Hernaiz*, 161 S.W.3d 594, 603 (Tex.App.--San Antonio 2005, no pet.).

When laches is asserted before the statute of limitations has run, the defending party must also show that allowing the action to proceed, "would work a grave injustice." *See Caldwell v.*

---

[2] Appellant argues that a sufficiency of the evidence review is not appropriate in this case because the validity of a will is a legal question subject to *de novo* review. She characterizes the issue as one of will construction and interpretation. However, we have not been able to identify a disagreement between the parties over the meaning of the words used in the will. The issue before us is limited to whether the four pages admitted to probate meet the requirements of Section 59. As the cases we have cited indicate, the legal effect of the signature depends on Kenneth's intent when he signed the document. That fact issue is best left to the fact finder; the trial court in this case.

*Barnes*, 975 S.W.2d 535, 538 (Tex. 1998).  By admitting the document to probate, the trial court implicitly determined Appellant failed to carry her burden on at least one of the two elements.  As before, Appellant has not challenged the legal or factual sufficiency of the trial court's implicit findings against her laches defense.  Again, we are bound by the trial court's factual determinations.  *See Serrano*, 162 S.W.3d at 580.  Issue Two is overruled.

Having overruled both of Appellant's issues, the trial court's judgment is affirmed.


December 11, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J., Not Participating