

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00737-CV

**IN THE MATTER OF THE ESTATE OF** Elaine Eisele **ADAMS**, Deceased

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 14997
Honorable N. Keith Williams, Judge Presiding

Opinion by:   Irene Rios, Justice

Sitting:      Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed: July 17, 2019

AFFIRMED

Duane Allen Adams appeals the trial court's order admitting Elaine Eisele Adams's last will and testament and first codicil to her last will and testament to probate. Duane contends the trial court erred in concluding Elaine's handwritten letter to her attorney dated September 21, 2015 was not admissible to probate as a codicil because: (1) the appellees, Kara Armes and Justin Seitz, judicially admitted the letter indicated Elaine's wish to distribute her entire estate to Duane; and (2) the letter was written with testamentary intent. We affirm the trial court's order.

## BACKGROUND

Elaine passed away on February 6, 2017. Both her husband and her daughter predeceased her. Duane is Elaine's son, and Kara and Justin are the children of Elaine's daughter.

On May 4, 2017, Kara and Justin filed an application to probate Elaine's last will and testament dated November 28, 1994, and the first codicil to the will dated June 5, 2015. Duane filed an opposition to the application asserting the will and codicil were modified by a letter Elaine wrote to her attorney dated September 21, 2015. Kara and Justin filed a contest to the probate of the September 21, 2015 letter asserting it was not executed with testamentary intent.

On September 22, 2017, the trial court held a hearing on the application, opposition, and contest. At the hearing, the parties stipulated the will and first codicil were admissible to probate. The parties also stipulated the September 21, 2015 letter was in Elaine's handwriting and signed by her; however, Kara and Justin continued to argue the letter was not executed with testamentary intent. The letter stated:

> I received your letter today.
>
> According to my will Sec 4:3 Either will may be revoked at any time at the sole discretion of the maker of same.
>
> When you wrote the codicil for me making Duane the inheritor of all my possessions at the time of my death, I thought that was all that was necessary.

After reviewing the letter, the trial court concluded it was not written with testamentary intent, reasoning:

> In my book, without question, this does not have any proof of testamentary intent. There's no indication she intended this to be her will. For one thing, there's a couple of mistakes in there. She says she understood it may be revoked. She didn't say she wants to revoke a will, her will. She said, when you wrote the codicil for me making Duane the inheriter [sic] of all my possessions, clearly the codicil does not make Duane the inheriter [sic] of all her possessions. So that's a genuine mistake of understanding on her part. And under this case law, just — just, for example, very specifically in the Schiwetz case it says, instructions or directions to attorneys to prepare a new will or codicil to carry out the designated changes are not themselves intended to be wills or codicils.
>
> So the Court finds that this letter from Ms. Adams to Mr. Sauer does not have the requisite testamentary intent and should not be — shall not be construed in any form or fashion to be a — an addendum, a codicil, or any — have any effect on the underlying will which is the subject of the probate.

Due to some logistical issues, the trial court's order was not signed until July 10, 2018. Duane appeals.

## JUDICIAL ADMISSION

In his first two issues, Duane contends Kara and Justin judicially admitted Elaine's letter to her attorney indicated she wished to distribute her entire estate to him. Accordingly, Duane asserts Kara and Justin could not dispute that the letter expressed her "testamentary wishes" that Duane inherit her entire estate.

Initially, we do not believe a person can judicially admit testamentary intent because such intent must be determined from the language of the document. *See Shriner's Hosp. for Crippled Children of Tex. v. Stahl*, 610 S.W.2d 147, 151 (Tex. 1980) ("The intent of the testator, however, must be ascertained from the language used within the four corners of the instrument."); *Hinson v. Hinson*, 280 S.W.2d 731, 733 (Tex. 1955) (noting testamentary intent requires an intention to create a revocable disposition of property to take effect after the person's death). Even assuming such a judicial admission is possible, Justin and Kara did not make any such judicial admission.

"A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue and bars the admitting party from disputing it." *Bliss & Glennon Inc. v. Ashley*, 420 S.W.3d 379, 393 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *Laredo Med. Group Corp. v. Mireles*, 155 S.W.3d 417, 429 (Tex. App.—San Antonio 2004, pet. denied). "Elements required for a judicial admission are: (1) a statement made during the course of a judicial proceeding; (2) that is contrary to an essential fact or defense asserted by the person making the admission; (3) that is deliberate, clear, and unequivocal; (4) that, if given conclusive effect, would be consistent with public policy; and (5) that is not destructive of the opposing party's theory of recovery." *Bliss & Glennon Inc.*, 420 S.W.3d at 393; *Laredo Med. Group Corp.*, 155 S.W.3d at 429. To determine whether a statement is a judicial admission, the statement must be read and

evaluated in context. *Bliss & Glennon Inc.*, 420 S.W.3d at 393; *Schronk v. City of Burleson*, 387 S.W.3d 692, 711 (Tex. App.—Waco 2009, pet. denied).

Duane asserts the following sentence from the background section of the contest filed by Kara and Justin constituted a judicial admission: "This letter indicates that the Decedent wished to distribute her entire estate to DUANE, to the exclusion of JUSTIN and KARA." Duane's assertion, however, ignores the section of the pleading entitled "Contest to Probate of September 21, 2015 Letter" which states:

> JUSTIN and KARA contest and oppose the request for probate of the September 21, 2015 letter from Declarant to Anthony Sauer set forth in the Opposition filed by DUANE. The September 21, 2015 letter was not executed with testamentary intent and does not meet the legal requirements of a holographic Will or Codicil under Texas law.

Accordingly, reading the pleading in its entirety and the sentence relied on by Duane in context, we hold the sentence does not constitute a judicial admission of testamentary intent. Duane's first two issues are overruled.

### TESTAMENTARY INTENT

In his third issue, Duane challenges the trial court's determination that Elaine's letter to her attorney was not written with testamentary intent.

"To be a codicil, an instrument must be executed with testamentary intent." *In re Estate of Hendler*, 316 S.W.3d 703, 708 (Tex. App.—Dallas 2010, no pet.). Testamentary intent is the intent to create a revocable disposition of property that will take effect after death. *Hinson*, 280 S.W.2d at 733; *In re Estate of Hendler*, 316 S.W.3d at 708. Construction of a purported testamentary instrument is a question of law when it contains no ambiguity. *In re Estate of Silverman*, No. 14-18-00256-CV, 2019 WL 2352457, at *4 (Tex. App.—Houston [14th Dist.] June 4, 2019, no pet. h.); *In re Estate of Allen*, 301 S.W.3d 923, 928 (Tex. App.—Tyler 2009, pet. denied).

In this case, Elaine's letter to her attorney reflected her confusion about the effect of the first codicil to her will. The first codicil only changed the section of Elaine's will pertaining to the appointment of executors. The original will appointed her husband as executor followed by the appointment of her daughter, Duane, and Justin as successors in that order. The codicil appointed Duane as executor followed by the appointment of Duane's daughter as successor. The codicil did not make any changes to the disposition of Elaine's estate. Since Elaine's letter was in response to a letter from her attorney, Elaine's question was likely prompted by information in her attorney's letter regarding her will and codicil. Therefore, Elaine's letter is similar to letters written to attorneys regarding changes to an existing will which have been held not to be executed with testamentary intent. *See In re Estate of Schiwetz*, 102 S.W.3d 355, 364 (Tex. App.—Corpus Christi 2003, pet. denied) ("Instructions or directions to attorneys to prepare a new will or codicil that carry out the designated changes are not themselves intended to be wills or codicils."); *Price v. Huntsman*, 430 S.W.2d 831, 833 (Tex. Civ. App.—Waco 1968, writ ref'd n.r.e.) (holding letter to attorney containing instructions to prepare a new will or codicil was not admissible to probate as a codicil). Accordingly, we hold the trial court did not err in concluding Elaine's letter was not written with testamentary intent, and Duane's third issue is overruled.

## CONCLUSION

The trial court's order is affirmed.

Irene Rios, Justice