Philip R. BISHOP

v.

NATIONAL LOAN INVESTORS, L.P.

No. 2–95–010–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 21, 1995.

Rehearing Overruled Feb. 8, 1996.

Daniel L. Tatum, Jackson & Walker, Fort Worth, Hershel R. Payne, Bishop, Wayne, Williams, & Werley, L.L.P., Fort Worth, for Appellant.

Paul C. Webb, Law Office of George S. Henry, Dallas, for Appellee.

Before RICHARDS, SAM BASS and JOE SPURLOCK, II, (Retired), JJ.

## OPINION

RICHARDS, Justice.

Philip R. Bishop, guarantor of a promissory note, appeals from a summary judgment awarding National Loan Investors, L.P. ("NLI") the balance due on the note. In 1990, Dan Royall, Jr. executed a promissory note in favor of the Kerens Bank. The note was secured by a guaranty given by Bishop on November 2, 1990. The note and guaranty were transferred to NLI by the FDIC after Kerens Bank was declared insolvent. In two points of error, Bishop claims that the trial court erred in granting NLI's summary judgment and denying Bishop's motion for summary judgment because Bishop alleges that he conclusively established two affirmative defenses in bar to NLI's claim. Because we find that NLI was entitled to payment from Bishop on the 1990 note as a matter of law, we affirm the summary judgment of the trial court.

On September 30, 1987, grantors Royall and Herbert Gatlin, Jr. executed a deed of trust in a tract of land in Henderson County to secure a $61,474.46 promissory note and any existing or future debts by Royall and Gatlin in favor of Kerens Bank. On that same date, Royall individually executed four additional deeds of trust to secure various notes executed by him, or any future or existing debts by Royall in favor of Kerens Bank.

On September 25, 1990, Royall borrowed $41,261.17 from Kerens Bank to buy some property. The principal and interest were due on September 25, 1991. The note did not state that it was secured by a deed of trust or by a security interest in personal property. On November 2, 1990, Bishop signed a guaranty agreement guaranteeing the payment of the 1990 note if Royall defaulted. The guaranty specifically stated that it did not apply to any other debts that Royall had with Kerens Bank. At some time after this 1990 loan, Kerens Bank was declared insolvent and the FDIC took control of the bank. NLI acquired the note from the FDIC.

On November 4, 1993, NLI wrote a letter to Bishop seeking payment on the defaulted 1990 note from Bishop as guarantor. Bishop demanded that NLI "forthwith sue on the said [1990 note]." NLI complied and filed this collection lawsuit against Bishop on December 13, 1993. On January 4, 1994, NLI sold the Henderson County land by public sale to satisfy the Royall and Gatlin note, which had gone into default. NLI filed a motion for summary judgment claiming that because Bishop was the guarantor on the 1990 note, Bishop was liable for the debt. Bishop responded claiming that NLI should have sued Royall for satisfaction of the note before coming after Bishop for payment, and that NLI did not give notice to Bishop that it was going to sell the collateral securing the 1990 note. Bishop also filed a motion for summary judgment alleging that he was entitled to judgment as a matter of law because NLI had not sued Royall as the primary debtor. The trial court granted summary judgment in favor of NLI and denied Bishop's motion.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that movant is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.

1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts are resolved against movant. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47.

The defendant, as movant, must either disprove at least one element of each of the plaintiff's theories of recovery, or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston*, 589 S.W.2d at 679. A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, viewing the evidence in the light most favorable to the plaintiff, the plaintiff could not succeed upon any theory pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983).

The plaintiff, as movant, has the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *City of Houston*, 589 S.W.2d at 678. In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972).

When, as in this case, the trial court's order granting summary judgment for one movant and denying summary judgment for the other does not specify the grounds upon which it rests, this court may affirm the trial court's judgment if any of the grounds raised in the prevailing movant's motion are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). This court may also reverse the trial court's judgment and render judgment for the other movant based on any meritorious grounds raised in that movant's motion. *See id.; Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). On appeal, this court considers all the evidence

accompanying both motions. *Dae Won Choe v. Chancellor, Inc.*, 823 S.W.2d 740, 742 (Tex. App.—Dallas 1992, no writ).

Bishop claims that because he conclusively proved two affirmative defenses, summary judgment in favor of NLI and denial of his summary judgment was improper. Bishop's first affirmative defense was that NLI should have sued Royall on the note and not Bishop. Bishop relies on the Texas Business and Commerce Code, which holds that if a surety to a contract requires that the obligee sue on the contract, the obligee must sue the obligor "during the first term of court after receiving the notice, or during the second term showing good cause for the delay...." TEX.BUS. & COM.CODE ANN. § 34.02(a) & (b)(2) (Vernon 1987). We disagree with Bishop's argument.

The unconditional guarantor of a note is primarily liable, and waives any requirement that the holder of the note take action against the maker as a condition precedent to the guarantor's liability unless the guaranty specifically states otherwise. *Hopkins v. First Nat'l Bank*, 551 S.W.2d 343, 345 (Tex.1977); *McGhee v. Wynnewood State Bank*, 297 S.W.2d 876, 883 (Tex.Civ.App.— Dallas 1956, writ ref'd n.r.e.). A guaranty is unconditional if the promise to pay the debt is conditioned only upon the principal obligor's default. *McGhee*, 297 S.W.2d at 883; *El Paso Bank & Trust Co. v. First State Bank*, 202 S.W. 522, 524 (Tex.Civ.App.—El Paso 1918, no writ). Bishop's guaranty agreement stated that Bishop would pay off the 1990 note if Royall defaulted in payment. There are no other conditions placed on its enforceability other than default by Royall; thus, Bishop was an unconditional guarantor and NLI was not required to sue Royall before suing Bishop.

Secondly, Bishop alleges that NLI improperly sold the Henderson County property without giving Bishop notice because the 1990 note was secured by that deed of trust. Bishop relies on the Texas Uniform Commercial Code, which provides that a secured party must notify the debtor of a sale of the collateral. TEX.BUS. & COM.CODE ANN. § 9.504(c) (Vernon 1991). Bishop points to the fact that the 1987 deed of trust has a

"dragnet clause," [1] which states that any existing or future debts of the grantors in favor of Kerens Bank are secured by the Henderson County deed of trust. Bishop alleges that the Henderson County deed of trust secures the 1990 promissory note; therefore, Bishop believes that he was entitled to notice of the sale on January 4, 1994. Once again, we disagree with Bishop.

■ First, we do not believe that the Henderson County deed of trust was meant to secure the 1990 promissory note and guaranty. The guaranty itself states that it does not "apply to any other indebtedness [Royall] may have with [Kerens Bank]." Thus, Bishop's guaranty, by its own terms, is not a part of the Henderson County deed of trust. Further, the 1990 note has no property listed in the section entitled "Security Agreement," showing that Royall was not giving Kerens a security interest in the Henderson County deed of trust.

Second, the 1990 note was not secured by the 1987 deed of trust in the Henderson County land because the grantors in the 1987 deed of trust are different from the debtor in the 1990 promissory note. The 1987 deed of trust stated that the Henderson County land secured any future debts between the grantors and Kerens Bank. The grantors of the Henderson County deed of trust were Royall and Gatlin; the debtor of the 1990 note was Royall alone. Thus, the deed of trust's dragnet clause intended to secure future debts between Royall, Gatlin, and Kerens Bank, not merely Royall and Kerens Bank. *See Hannigan v. First State Bank–Wylie*, 700 S.W.2d 7, 8–9 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

■ Finally, assuming that the Henderson County property secured the 1990 note and guaranty, the UCC's notice requirement does not apply to guarantors secured by realty. There is a definite distinction between guarantors of a loan secured by realty under the Property Code and a loan secured by consumer goods under the Business and Commerce Code. *FDIC v. Attayi*, 745 S.W.2d 939, 948 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Hernandez v. Bexar County Nat'l Bank*, 710 S.W.2d 684, 687 (Tex.App.—Corpus Christi), *writ ref'd n.r.e. per curiam*, 716 S.W.2d 938 (Tex.1986). The UCC's notice requirement bars liability for deficiency absent notice of the foreclosure sale to the guarantor. *Hernandez*, 710 S.W.2d at 687. But, the UCC expressly omits governance over "the creation or transfer of an interest in or lien on real estate...." TEX.BUS. & COM.CODE ANN. § 9.104(10) (Vernon 1991). Guarantors, as opposed to the maker, of a note secured by realty do not enjoy the right to notice of the foreclosure sale under the Property Code's notice provisions. TEX.PROP.CODE ANN. § 51.002 (Vernon 1995); *Long v. NCNB–Tex. Nat'l Bank*, 882 S.W.2d 861, 866 (Tex.App.—Corpus Christi 1994, no writ); *cf. Micrea, Inc. v. Eureka Life Ins. Co. of Amer.*, 534 S.W.2d 348 (Tex.Civ.App.—Fort Worth 1976, writ ref'd n.r.e.) (guarantor entitled to notice of sale where deficiency suit was against the note maker and the guarantor who actually signed the promissory note itself as well as the separate guaranty contract). This case, unlike *Micrea*, does not involve the intermingled rights of guarantors and note makers nor a guarantor who signed the note and therefore partakes in the nature and rights of a note maker; therefore, Bishop was not entitled to notice of the sale. *Long*, 882 S.W.2d at 865–66.

■ Accordingly, because this case involves an interpretation of an unambiguous document, summary judgment was proper. *Mann v. NCNB Tex. Nat'l Bank*, 854 S.W.2d 664, 666–67 (Tex.App.—Dallas 1992, no writ). Bishop did not bring forth an affirmative defense which would entitle him to summary judgment, and NLI's note along with Bishop's guaranty clearly show that Bishop is primarily liable for the balance of the unpaid promissory note. Thus, summary judgment for NLI was proper and the trial court properly denied Bishop's motion for summary judgment. Accordingly, we overrule Bishop's two points of error and affirm the judgment of the trial court.

1. *See* TEX.BUS. & COM.CODE ANN. § 9.204(c) (Vernon 1991).