**In re ESTATE OF Dorothy Jane SCHIWETZ, Deceased.**

No. 13–01–00109–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

March 27, 2003.

Rehearing Overruled May 1, 2003.

Errol John Dietze, Dietze & Reese, Attorney At Law, Cuero, Leslie Werner De Soliz, Brown & Associates, Victoria, Raymond H. Reese, DeWitt County Attorney, Cuero, for Appellant.

Christopher M. Crain, Attorney At Law, Cynthia T. Sheppard, Attorney At Law, Michael A. Sheppard, District Attorney, Cuero, Sue Culpepper Ortman, Attorney At Law, Gonzales, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Justice FEDERICO G. HINOJOSA.

Appellant, Nina Schrade Sievers, appeals from the trial court's summary judgment denying her application to probate four writings purported to be codicils to the will of Dorothy Jane Schiwetz, deceased. Appellant, the proponent of the four writings, challenges the summary judgment by thirteen issues. In a single issue, appellees, Edward Roeder and Donna Roeder ("the Roeders"), cross-appeal from the trial court's declaratory judgment that appellant's offering of the four writings did not trigger the forfeiture provision in Schiwetz's Will. We affirm.

### A. BACKGROUND AND PROCEDURAL HISTORY

Dorothy Jane Schiwetz ("Decedent") died on February 4, 1999, leaving a duly executed will dated December 8, 1992 ("the Will"). The independent executor, Ilene Gohmert, filed the Will for probate in DeWitt County Court in Cause No. 9737. Appellant subsequently filed an application to probate the four alleged codicils in Cause No. 9738.[1] The Roeders contested the probate of the alleged codicils. The Roeders asserted the proffered codicils were invalid because they were not executed by Schiwetz with the present intent to

---

1. The four alleged codicils, which will later be discussed in greater detail, were offered as Exhibits "A," "B," "C," and "D." For ease of discussion, we will use the same references.

create a revocable disposition of her property.

After the cases were transferred to the district court of DeWitt County, the cross-appellees, Nina Schrade Sievers, Susan Schrade Humphries, and two minor children, Emily Louise Sievers and Matthew Sievers (represented by their next of kin, Nina Schrade Sievers), asked the court to issue a declaratory judgment that the offering of the alleged codicils for probate did not constitute a contest to the Will and thus, did not trigger the forfeiture provision of the Will. The Roeders responded with a counterclaim for attorney's fees and a declaratory judgment that the filing of the alleged codicils triggered the forfeiture provision of the Will. On September 1, 2000, the trial court signed a declaratory judgment, declaring "that the offering for probate of the instruments offered in Cause No. 9738 by [cross-appellees] does not effectuate the provisions of paragraph 20 of the Last Will and Testament of Dorothy Jane Schiwetz regardless of whether said instruments are admitted to probate."

The Roeders filed a motion for summary judgment on both "traditional" and "no-evidence" grounds, and the trial court granted the motion. Appellant filed a "Motion for New Trial and for Severance," asserting that the summary judgment was not final because it did not dispose of all parties and issues. The Roeders nonsuited their counterclaim, and the trial court signed an Amended Final Judgment on January 26, 2001. The amended judgment incorporates the previously granted declaratory judgment, the Roeders' nonsuit of their counterclaims, and the summary judgment.

### B. MOTION FOR SUMMARY JUDGMENT

The Roeders' "traditional" and "no-evidence" motion for summary judgment contended that: (1) as a matter of law the

alleged codicils are not testamentary documents; (2) there is no evidence that: (a) appellant is an individual interested in the estate, (b) the alleged codicils were duly executed, (c) the alleged codicils were holographic, and (d) the alleged codicils were never revoked by Decedent; and (3) there is no evidence of the contents of the original document or date of creation of one of the alleged codicils.

Appellant filed a response, asserting that the four writings meet the requirements of the Texas Probate Code for valid codicils to a will. Appellant attached the following summary judgment evidence to her response: (1) a copy of the Last Will and Testament of Dorothy Jane Schiwetz; (2) her own affidavit, stating that she is named in the Will, is familiar with Schiwetz's handwriting, and that all the alleged codicils are wholly in the handwriting of the Decedent; (3) the affidavit of W.C. Kleine, III, stating that he is familiar with Schiwetz's handwriting and that the four alleged codicils are wholly in the handwriting of the Decedent; (4) the affidavit of funeral home director Stanley Johnson, stating that he discussed changes to the Will with Schiwetz before her death, and during one of these discussions Schiwetz handed him a copy of Exhibit "A" with instructions to "turn it over to Ilene Gohmert or to the Gonzales lawyer [Sue Ortman] should something happen to her;" (5) the affidavit of L. Geary Taylor, a business man who had previously inquired about purchasing Schiwetz's real property, stating that the Decedent had told him she was giving the property to "Gertrude's girls"; (6) the affidavit of the independent executor, Ilene Gohmert, that Exhibit "A" was found in the bedroom of the Decedent; and (7) a copy of the Last Will and Testament of Dorothy Jane Schiwetz, with alterations and interlineations consistent with the language of the alleged codicils. The

Roeders objected to each of the five affidavits proffered by appellant.

The trial court granted summary judgment on the following grounds: (1) all four alleged codicils lack "animus testandi"; (2) there is no evidence of testamentary intent with regard to any of the four alleged codicils; (3) as to Exhibits "B," "C," and "D," there is no evidence that appellant is an individual interested in the Decedent's estate; (4) there is no evidence that Exhibits "A" and "D" were duly executed; (5) there is no evidence that Exhibit "A" is holographic; (6) Exhibit "A" is not an original document; (7) there is no evidence of the contents of the original of Exhibit "A"; (8) there is no evidence of the date that Exhibit "A" was created; and (9) Exhibit "A" is incomplete.

### C. Issues Presented

Appellant challenges the summary judgment by thirteen issues. In her first issue, appellant contends the trial court erred by implicitly sustaining the Roeders' objections to her summary judgment evidence. Appellant's second through eleventh issues contend the trial court improperly granted summary judgment on the grounds specifically stated in the order granting the motion. Appellant's twelfth and thirteenth issues generally challenge the trial court's order granting the motion for summary judgment. Because the remaining issues largely depend upon the first issue, we begin by first addressing the Roeders' objections to appellant's summary judgment evidence.

### D. Admissibility of Summary Judgment Evidence

In support of her response to the motion for summary judgment, appellant attached five affidavits, including her own, as summary judgment evidence. The Roeders filed objections to the affidavits, asserting they were inadmissible extrinsic evidence, inadmissible hearsay, or made by incompetent or interested witnesses. The record, however, does not show that the Roeders sought a ruling on these objections.

 The Roeders had the burden to preserve any error of the trial court in ruling on their objections by obtaining a written order on the ruling. *See Jones v. Ray Ins. Agency,* 59 S.W.3d 739, 753 (Tex. App.-Corpus Christi 2001, pet. denied). There is no written order sustaining the Roeders' objections to appellant's summary judgment evidence. The failure to obtain written rulings on objections to summary judgment evidence waives the issue, unless the record reflects an implicit ruling by the trial court. *Id.* at 752–53; *see* Tex.R.App. P. 33.1(a)(2)(A) (trial court must either expressly or implicitly rule on an objection in order for a complaint to be preserved for our review). For there to be an "implicit" ruling as intended by rule 33.1(a)(2)(A), there must be something in the summary judgment order or the record to indicate that the trial court ruled on the objections, other than the mere granting of the motion for summary judgment. *Jones,* 59 S.W.3d at 753.

We find no evidence in the record that the trial court implicitly ruled on the Roeders' objections to appellant's summary judgment proof. The trial court's order granting the Roeders' motion for summary judgment simply states that the court considered the motion, appellant's response to the motion, and the arguments of counsel. It says nothing about the affidavit evidence. Other than the granting of the motion for summary judgment, nothing in the record leads us to conclude that the trial court ruled on the Roeders' objections. Without something in the summary judgment order or the record to indicate that the trial court ruled on the objections, we cannot conclude that the trial court

implicitly sustained the Roeders' objections to appellant's summary judgment evidence. Therefore, we hold that the evidence remains a part of the summary judgment record. *See id.; Nugent v. Pilgrim's Pride Corp.,* 30 S.W.3d 562, 567 (Tex.App.-Texarkana 2000, pet. denied); *Castillo v. Tropical Tex. Ctr. for Mental Health & Mental Retardation,* 962 S.W.2d 622, 625 (Tex.App.-Corpus Christi 1997, no pet.). Appellant's first issue is overruled.

### E. STANDARD OF REVIEW FOR TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

▮ We review the granting of a traditional motion for summary judgment *de novo. See Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994); *Tex. Commerce Bank-Rio Grande Valley v. Correa,* 28 S.W.3d 723, 726 (Tex.App.-Corpus Christi 2000, pet. denied). In a traditional motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant will be taken as true, and all reasonable inferences made and all doubts resolved in the nonmovant's favor. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). Summary judgment is proper if the movant disproves at least one element of each of the plaintiff's claims or affirmatively establishes each element of an affirmative defense to each claim. *Id.* The nonmovant has no burden to respond to a traditional motion for summary judgment unless the movant conclusively establishes its cause of action or defense. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000).

▮ By contrast, when a motion for summary judgment is presented under rule 166a(i) asserting there is no evidence of one or more essential elements of the nonmovant's claims upon which the nonmovant would have the burden of proof at trial, the movant does not bear the burden of establishing each element of its own claim or defense. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.); *Lampasas v. Spring Ctr., Inc.,* 988 S.W.2d 428, 432–33 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *see also* TEX.R. CIV. P. 166a(i). Instead, the burden shifts entirely to the nonmovant to present enough evidence to be entitled to a trial: evidence that raises a genuine fact issue on the challenged elements. *See* TEX.R. CIV. P. 166a cmt. If the nonmovant is unable to proffer enough evidence, the trial court must grant the motion. *Lampasas,* 988 S.W.2d at 433.

▮ A no-evidence summary judgment is equivalent to a pretrial directed verdict, and we apply the same legal sufficiency standard on review. *Zapata v. The Children's Clinic,* 997 S.W.2d 745, 747 (Tex.App.-Corpus Christi 1999, pet. denied). We review the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997); *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 499 (Tex.1995). A no-evidence summary judgment is improper if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Havner,* 953 S.W.2d at 711; *Zapata,* 997 S.W.2d at 747. Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983); *Zapata,* 997 S.W.2d at 747. More than a scintilla of

evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Havner*, 953 S.W.2d at 711; *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex.1994).

A party filing a motion for summary judgment under rule 166a(i) must fulfill certain specific procedural requirements and is subject to certain restrictions. TEX.R. CIV. P. 166a(i); *Oasis Oil Corp. v. Koch Ref. Co. L.P.*, 60 S.W.3d 248, 252 (Tex.App.-Corpus Christi 2001, pet. denied). A no-evidence motion for summary judgment must state the elements of the claim as to which there is no evidence; Rule 166a(i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case. TEX.R. CIV. P. 166a(i) and cmt; *Oasis Oil*, 60 S.W.3d at 252. The rule requires a no-evidence motion for summary judgment to be specific in alleging a lack of evidence on an essential element of the plaintiff's alleged cause of action, but it does not require that the motion specifically attack the evidentiary components that may prove an element of the cause of action. *Denton v. Big Spring Hosp. Corp.*, 998 S.W.2d 294, 298 (Tex.App.-Eastland 1999, no pet.); *In re Mohawk Rubber Co.*, 982 S.W.2d 494, 497–98 (Tex.App.-Texarkana 1998, orig. proceeding).

### F. THE WRITINGS

By her second through eleventh issues, appellant challenges the granting of the Roeders' motion for summary judgment on each of the grounds specifically stated in the trial court's order. We begin with a discussion of the four writings.

#### 1. *Exhibit "A"*

Exhibit "A" is a handwritten letter from the Decedent to Sue Ortman, her attorney. There is a notation at the top of the letter that it is a "Copy of Copy K3". The letter provides:

To: Sue Ortman, Attorney

From: Dorothy Jane Schiwetz

Dear Mrs. Ortman:

I would like to make many changes in my will.

1. I no longer want Edward Roeder or any of his progeny to be the recipients of any land I own of the Gohmert Ranch or *of anything* I own: of any item or items listed in my will.

I hereby will the land including its mineral rights to Nina (illegible) of the daughters of my only (first) cousin on the Robert & [illegible] (Eckhardt) Gohmert side, Gertrude the daughter of Emily (Gohmert) and [illegible] Rudolph Reuser. These daughters, Nina and Susan, are the progeny of Gertrude's 2nd marriage to Edwin Schrade: Nina and Susan.

The land, including the mineral rights, is to be equally divided between Nina (Schrade) Sievers, wife of James Sievers of New Braunfels, Texas, and Susan (Schrade) Humphries of New Braunfels, Texas.

My three diamond rings which I had willed to Edward Roeder's children....

(emphasis in original). The rest of the letter is cut off.

#### 2. *Exhibit "B"*

Exhibit "B" is another letter addressed to Sue Ortman. This letter provides:

Dear Sue Ortman:

At some point in the near future, I'd like to talk to you re[garding] changes in my will. I have a volunteer who will bring me to Gonzales when it suits you, unless I'm so rife with allergies that I can't breathe well enough to concentrate properly.

In the meantime, I *know* that I *no* longer want Edward Roeder or any of his progeny to be beneficiaries of mine.

(emphasis in original). This writing was signed by the Decedent and witnessed by Marian Russell Klein on December 28, 1992.

### 3. *Exhibit "C"*

Exhibit "C" is a two-paragraph handwritten statement directed to Sue Ortman. The writing provides:

> For Mrs. Sue Ortman
>
> Changes to be made in my will.
>
> I.
>
> I no longer want Edward Roeder or any of his progeny to inherit any of my rural land or anything else of any form, nature, or kind that I own.
>
> II.
>
> I no longer want my three diamond rings to be inherited by Donna Roeder, his wife, or children.

The Decedent signed this writing below each numbered paragraph. The writing was witnessed by W.C. Kleine on January 4, 1993.

### 4. *Exhibit "D"*

Exhibit "D" contains handwritten instructions to Sue Ortman. This writing provides:

> Instructions for Sue Ortman of Gonzales, Texas, my lawyer.
>
> 1. I no longer want Edward Roeder and/or any [of] his progeny to be recipients of my will in any form or fashion.
>
> 2. I do not want anything, in any form to be given to the Yorktown Museum.
>
> 3. My house

This writing is dated "June 1996" and is unsigned.

### G. ANALYSIS

#### 1. *Testamentary Intent*

In her second and third issues, appellant contends the trial court erred in granting the Roeders' motion for summary judgment based on the ground that all four writings lack testamentary intent as a matter of law.

 To be effective as a will or codicil, the writing in question must be executed with testamentary intent. *Hinson v. Hinson*, 154 Tex. 561, 280 S.W.2d 731, 733 (1955). Testamentary intent "does not depend upon the maker's realization that he is making a will, or upon his designation of the instrument as a will, but upon his intention to create a revocable disposition of his property to take effect after his death." *Id.* In order for a document to possess the requisite testamentary intent, it must be evident that the testator intended that the very document at issue be the instrument that actually makes the disposition of the testator's property. *In re Estate of Graham*, 69 S.W.3d 598, 608 (Tex.App.-Corpus Christi 2001, no pet.); *Price v. Huntsman*, 430 S.W.2d 831, 833 (Tex.Civ.App.-Waco 1968, writ ref'd n.r.e.). A writing that merely evidences an intention to dispose of property is not a will. *Estate of Graham*, 69 S.W.3d at 608.

 It is the duty of the court to construe the instrument from the words used, and the intent of the testator must likewise be determined from the instrument. *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885, 888 (1960); *Ayala v. Martinez*, 883 S.W.2d 270, 272 (Tex.App.-Corpus Christi 1994, writ denied). When there is no dispute as to what the written words in a will mean, extrinsic evidence cannot be received: (1) to show that the

testator intended something outside of or independent of such written words; (2) to add words to those in the will; (3) to contradict the language in the will; or (4) to take words away from those in the will. *Huffman,* 339 S.W.2d at 888–89; *Najvar v. Vasek,* 564 S.W.2d 202, 206 (Tex.Civ.App.-Corpus Christi 1978, writ ref'd n.r.e.).

▇▇▇▇ By the clear, unambiguous language of the Decedent, Exhibits "A," "B," "C," and "D," lack testamentary intent. Each Exhibit is either a letter or directions to the Decedent's attorney, Sue Ortman, to make future changes to her will. Instructions or directions to attorneys to prepare a new will or codicil that carry out the designated changes are not themselves intended to be wills or codicils. *Price,* 430 S.W.2d at 833. Exhibits "B," "C," and "D" contain no expression of testamentary intent, such that they should operate as a disposition of the Decedent's property. No explicit statement declares that the writings are wills or codicils or that the property division will take place only after the Decedent's death. Instead, they are instructions to the Decedent's attorney to make changes to the Will in the future. At most, they express an intent on the part of the Decedent to dispose of her property in the future. This lacks testamentary intent and fails to constitute a codicil. *See Hinson,* 280 S.W.2d at 733; *Price,* 430 S.W.2d at 833; *In re Estate of Sorenson,* 370 S.W.2d 225, 227 (Tex.Civ. App.-El Paso 1963, writ ref'd n.r.e.). Accordingly, we hold the trial court did not err in granting summary judgment on the ground that the writings lack testamentary intent. Appellant's second and third issues are overruled.

### 2. *Signature of Testator*

In her sixth issue, appellant contends the trial court erred in granting the Roeders' motion for summary judgment based on the ground there is no evidence that Exhibits "A" and "D" were not duly executed.

▇▇▇ Holographic wills must be signed by the testator. TEX. PROB.CODE ANN. § 59 (Vernon 2003). While the signature may be informal and its location is of secondary importance, it is still necessary that the maker intend that her name or mark constitute a signature, *i.e.,* that it expresses approval of the instrument as her will. *Luker v. Youngmeyer,* 36 S.W.3d 628, 630 (Tex.App.-Tyler 2000, no pet.).

▇▇▇ Here, the purported codicil, Exhibit "A," is not signed in such a manner as to make it manifestly evident from its face that the name signed was intended as the signature of the Decedent. In Exhibit "A," the Decedent's name appears in the heading of the letter, *i.e.,* "From: Dorothy Jane Schiwetz." However, the name was not written with the intention and purpose that it should be or was the signature of Decedent to the instrument. Instead, it was written in order to initially inform the addressee of its source. As such, the Decedent's name does not constitute her signature, and therefore, Exhibit "A" is not a valid codicil. *See* TEX. PROB.CODE ANN. § 59 (Vernon 2003). Accordingly, we conclude the trial court did not err in granting summary judgment on this ground.

It is undisputed that Exhibit "D" was not signed by the Decedent. As such, Exhibit "D" cannot be a valid codicil as a matter of law. *See* TEX. PROB.CODE ANN. § 59 (Vernon 2003). We hold the trial court did not err in granting summary judgment on this ground. Appellant's sixth issue is overruled.

Due to our disposition of appellant's first, second, third, and sixth issues, it is unnecessary to address her remaining issues. TEX.R.APP. P. 47.1.

## H. DECLARATORY JUDGMENT

In their cross-appeal, the Roeders contend the trial court erred in granting a declaratory judgment in favor of the cross-appellees, Nina Schrade Sievers, Susan Schrade Humphries, and two minor children, Emily Louise Sievers and Matthew Sievers (represented by their next of kin, Nina Schrade Sievers), declaring that the offering for probate of the four writings did not effectuate the forfeiture provisions under the Will.

 Declaratory judgments are reviewed under the same standards as other judgments and decrees. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 37.010 (Vernon 1997). The trial court's conclusion, being one of law, will be upheld on appeal if it can be sustained on any legal theory supported by the evidence. *Alma Invs., Inc. v. Bahia Mar Co–Owners Ass'n,* 999 S.W.2d 820, 823 (Tex.App.-Corpus Christi 1999, pet. denied).

 Forfeiture provisions, or *in terrorem* clauses, in a will are to be strictly construed and forfeiture is to be avoided if possible, and a breach of such clause should be declared only when the acts of the parties come within the express terms of the clause. *Gunter v. Pogue,* 672 S.W.2d 840, 842 (Tex.App.-Corpus Christi 1984, writ ref'd n.r.e.); *Sheffield v. Scott,* 662 S.W.2d 674, 676 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.).

The Decedent's Will contained the following elaborate forfeiture provision:

I earnestly ask my beneficiaries, in harmony and in all things, to aid my Executor in carrying out my wishes as expressed in this Will. In order to ensure this, it is my will, and I expressly provide and make it a condition precedent to the taking, vesting, receiving and enjoying of any property or benefit under this Will, that each beneficiary agree to all of the provisions of this Will, and the provisions of this paragraph are made an essential part of each and every benefit in my Will. If any beneficiary hereunder, directly or indirectly, individually or with another, shall originate and, or prosecute a contest to the probate or validity of this Will, or any provision thereof; or shall institute or join in any proceeding to contest the validity of this Will or to prevent any provision hereof from being carried out in accordance with its terms; or shall fail to acquiesce therein, or shall fail or refuse to defend this Will or any provision herein; or shall in any manner question or dispute any statement or declaration herein; or shall in any manner, aid, assist or encourage another in any such contest or questioning; or contests, questions or opposes in any legal proceeding the performance by the Executor of any duty, act or discretion granted to or incumbent upon him under the terms of this Will or by law; then, in any such contingency, all benefits provided for such contesting beneficiary and his or her lineal ascendants and descendants are revoked and such benefits shall pass to the residuary beneficiaries of this Will (other than to the contesting beneficiary and his or her lineal ascendants and descendants) in the proportion that the share of each such residuary beneficiary bears to the aggregate of the effective shares of the residuary. Anyone violating in any manner this provision shall pay all costs and expenses of litigation, administration and other costs (including attorney's fees). It is my express intention that in the event of the violation of this paragraph by a contesting beneficiary in any respect, the respective benefits conferred upon such beneficiary and his or her lineal ascendants and descendants shall be revoked and forfeited regardless of whether or not the contesting benefi-

ciary violating the same instituted the proceeding, performed the particular act of violation, or failed to act as herein required in good faith and with probable cause. For all purposes hereunder, the lineal ascendants and descendants of any contesting beneficiary shall be included within the term "contesting beneficiary" as it is my wish that my entire family, including my children, my grandchildren and any other of my descendants, cooperate one with the other in the fulfillment of my directions as expressed in this Will.

■■■■■ An application to probate an instrument executed subsequent to a will offered for probate is not a contest to the will, when made in order to ascertain the intention of the testator. *See First Methodist Episcopal Church S. v. Anderson,* 110 S.W.2d 1177, 1184 (Tex.Civ.App.-Dallas 1937, writ dism'd w.o.j.). To hold otherwise, would be to declare the will to be an irrevocable instrument. Wills, by their very nature, are ambulatory in the sense that they may be changed or revoked during the life of the testator. *Magids v. Am. Title Ins. Co.,* 473 S.W.2d 460, 464 (Tex. 1971); *Baumann v. Willis,* 721 S.W.2d 535, 537 (Tex.App.-Corpus Christi 1986, no writ).

■■■ Cross-appellants fail to cite, and we cannot find, any case where an application for probate of a subsequent codicil to a will offered for probate has been construed to effectuate a forfeiture provision. Because the cross-appellees' application for probate was merely attempting to establish the Decedent's intent, we hold that the application for probate of the four alleged codicils to the Decedent's Will did not effectuate the forfeiture clause in the Will. Accordingly, we overrule cross-appellants' issue.

The trial court's amended final judgment is affirmed.