Shirin **AJUDANI** and Rosemary Shookoufandeh, Appellants,

v.

Jimmy **WALKER**, Attorney Ad Litem for Arezo Ajudani, a minor, Appellee.

No. 01–03–01008–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 21, 2005.

Lana R. Dieringer, Dieringer Law Firm, Houston, TX, for Appellant.

Jimmy Walker, Dinkins, Kelly, Lenox, Lamb & Walker, L.L.P., Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, JENNINGS, and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellants, Shirin Ajudani and Rosemary Shookoufandeh, appeal the summary judgment granted in favor of appellee, Jimmy Walker, attorney ad litem for Arezo Ajudani, a minor, which denied appellants' application for probate of a holographic will and denied issuance of letters testamentary.[1] Appellee's motion for summary judgment asserted that the purported holographic will lacked the requisites of a valid will because it (1) lacked testamentary intent, and (2) lacked the decedent's signature within the document. In two issues, appellants contend that the trial court erred by granting the summary judgment in favor of appellee because (1) the holographic will of the decedent, Shahrokh Ajudani, was executed with the requisite testamentary intent, and (2) there is a "genuine issue of material fact" as to whether the holographic will had testamentary intent. Although appellants' two stated issues pertain only to testamentary intent, appellants argue, in their second issue and within their prayer for relief, that a "fact issue" exists regarding whether the decedent's signature appears on the purported holographic will.

We affirm the summary judgment on the basis that the decedent's signature does not appear on the purported holographic will and thus decline to address appellants' remaining issue concerning testamentary intent.

### Background

Following the decedent's death, his attorney received, by mail, a typewritten document entitled "Last Will and Testament of Shari Ajudani" and seven pages of handwritten information. Although appellants originally offered the typewritten document entitled "Last Will and Testament of Shari Ajudani" for probate, they later amended their request and instead offered for probate the seven pages of handwritten information as the purported holographic will. The issue before the trial court, and before us in this appeal, concerns only the seven pages of handwritten information, which, appellants assert, constitute the holographic will of the decedent.

Appellants' application for probate included the seven pages of handwritten information that the decedent mailed to his attorney, as described below. Each of the seven pages has a circled number designating the page number in the top right hand corner. For example, page one has a circled number "1"; page two has a circled number "2"; page three has a circled number "3"; etc.

Page one of the handwritten information begins, "Dear Lana, Here is my will which we never had the chance to complete before," and then explains personal difficulties the decedent has had. The second page of the handwritten information contains the statement, "I have tried to complete the last will and testament as much as I could." The remainder of pages two through page six contain seven categories of information, each designated by a circled number.[2] The bottom line of page six of the handwritten information states "CC:

---

1. *See* TEX. PROB.CODE ANN. §§ 59, 74 (Vernon 2004).

2. The seven categories of information pertain to the sale of a residence and a power of attorney to Lana Dieringer for the sale of the residence, how bank accounts should be disbursed, the sale of an apartment and the *disposition of the assets from the sale, items in the decedent's possession that belong to others,* his funeral arrangements, a business relationship with "Gayle," the disposition of a truck, and a check from Nations Bank.

Rosemary, Shirin, Shahlah" and written vertically down the left side of the page it states, "P S . . . ." This postscript references a banking transaction that occurred "yesterday 12/18/01." The signature of the decedent does not appear anywhere within the first six pages of the handwritten information.

The seventh page of the handwritten information is written on what appears to be the decedent's personal stationary, which is different from the plain paper used for the first six pages of the handwritten information. The contents of the seventh page consist only of a purported power of attorney, and states in its entirety as follows:

> I hereby give Ms. Lana Dieringer attorney at law a full power of attorney to act on my behalf in the sale of my personal residence at 11911 6th Street Houston 77072[.] Also same power of attorney is given in negotiating, and sale of Birchbrook Apartments located at 12300 Fleming Houston 77013, Signed in this 18 day of December, 2001 by Shari Ajudani 12/18/01.

A signature appears immediately before the "12/18/01."

Appellee filed a motion for summary judgment asserting that appellants' application for probate and issuance of letters testamentary should be denied because the purported holographic will (1) lacked testamentary intent and (2) lacked the signature of the decedent. Appellee asserted that the seven pages of handwritten information did not constitute a single holographic will, but were instead two separate documents, a six-page letter to the decedent's attorney, and a power of attorney. According to appellee, the decedent's signature, which appears on the seventh page, pertained only to the purported power of attorney, and was not a part of the six-page letter that appellant asserted was the holographic will.

At the motion for summary judgment hearing, appellants asserted that the seven pages of handwritten information constituted a single holographic will and that the decedent's signature on the will, which undisputedly appeared on the seventh page of the handwritten information, was within the holographic will, as required by law. Additionally, appellants asserted that the purported holographic will did not lack testamentary intent.

The trial court granted appellee's motion for summary judgment and denied the application for probate of the purported holographic will and letters testamentary.

### Summary Judgment

Under the standard of review for a traditional summary judgment, the moving party must establish that no material fact issue exists, and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *M.D. Anderson Hosp. and Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex. 2000). In determining whether a disputed material fact issue precludes summary judgment, the court must take evidence favorable to the nonmovant as true and indulge every reasonable inference in favor of the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985). If there is no genuine issue of material fact, judgment should issue as a matter of law. *Haase v. Glazner,* 62 S.W.3d 795, 797 (Tex.2001). Because the rendition of summary judgment is a question of law, we review the trial court's decision de novo. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994).

When, as here, the trial court's summary judgment order does not specify the ground or grounds on which summary judgment was rendered, we will affirm the summary judgment if any of the grounds

stated in the motion is meritorious.[3] *See Mayes v. Goodyear Tire and Rubber Co.,* 144 S.W.3d 50, 55 (Tex.App.-Houston [1st Dist.] 2004, no pet. h.) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex.2001)). Summary judgment is appropriate in cases involving the interpretation of an unambiguous document. *See Coker v. Coker,* 650 S.W.2d 391, 393–94 (Tex.1983) (holding that if court can give certain or definite legal meaning or interpretation to words of instrument, it is unambiguous and court may construe it as matter of law); *Bishop v. National Loan Investors, L.P.,* 915 S.W.2d 241, 245 (Tex.App.-Fort Worth 1995, writ denied); *Hancock v. Krause,* 757 S.W.2d 117, 119 (Tex.App.-Houston [1st Dist.] 1988, no writ) (holding construction of testamentary instrument is question of law for court where there is no ambiguity in instrument).

## Holographic Will

■ To be valid, a holographic will must be signed by the testator and wholly in the testator's handwriting. TEX. PROB. CODE ANN. § 59 (Vernon 2003); *Hancock,* 757 S.W.2d at 120. While the signature may be informal and its location is of secondary importance, it is still necessary that the maker intend that her name or mark constitute a signature, i.e., that the maker expresses approval of the instrument as her will. *In re Estate of Schiwetz,* 102 S.W.3d 355, 364 (Tex.App.-Corpus Christi 2003, pet. denied) (citing *Luker v. Youngmeyer,* 36 S.W.3d 628, 630 (Tex. App.-Tyler 2000, no pet.)).

■ The question before us is whether the page with the circled number seven containing the decedent's signature is part of the purported holographic will. There are no disputed facts; the parties' disagreement concerns the interpretation and significance of the page with the circled number seven.

We conclude that the page with the circled number seven is not part of the purported holographic will. The first six pages contain language referencing a will with seven enumerated subjects with comments and instructions to the decedent's attorney. However, the seventh page, which is clearly a purported power of attorney, lacks a designation as a new and enumerated eighth subject of the letter. Also, the seventh page of the handwritten information is written on stationary of the decedent, in contrast to the first six pages, which are written on plain paper. Additionally, the page marked as the sixth page of handwritten information has both a "PS" (or postscript) and "CC" (or carbon copy) designation following the seventh enumerated subject of information. Moreover, the writer of the document wrote vertically in the margin of the sixth page of the document, thus completing the purported holographic will within the six pages. Finally, the purported power of attorney, which is dated "12/18/01" was written one day before the purported holographic will was written, as evidenced by the postscript on page six that references a banking transaction that occurred "yesterday 12/18/01."

Having reviewed the summary judgment evidence, we conclude that the purported

---

**3.** Appellants contend that the trial court "specifically stated there was no testamentary intent contained in the holographic will." However, the trial court's order granting summary judgment does not specify the ground relied on for its ruling. *See In re W.E.R.,* 669 S.W.2d 716 (Tex.1984); *Jampole v. Touchy,* 673 S.W.2d 569, 574 (Tex.1984) (holding that court's order controls over stated reasons or oral qualifications); *Richardson v. Johnson & Higgins of Tex., Inc.,* 905 S.W.2d 9, 11 (Tex.App.-Houston [1st Dist.] 1995, writ denied).

holographic will and the power of attorney are unambiguously two separate documents. *See Coker*, 650 S.W.2d at 393. The decedent's purported signature, appearing only on the page with the circled number seven, pertains only to the separate, handwritten purported power of attorney. Accordingly, we hold that the purported holographic will, because it lacks the decedent's signature, is not a valid will. *See* TEX. PROB.CODE ANN. § 59 (Vernon 2003); *In re Estate of Schiwetz*, 102 S.W.3d at 364.

## Conclusion

We affirm the judgment of the trial court.