Opinion issued April 21, 2005
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01008-CV




SHIRIN AJUDANI AND ROSEMARY SHOOKOUFANDEH, Appellants

V.

JIMMY WALKER, ATTORNEY AD LITEM FOR AREZO AJUDANI, A
MINOR, Appellee




On Appeal from Probate Court No. 1,
Harris County, Texas
Trial Court Cause No. 327,327-401




O P I N I O N
          Appellants, Shirin Ajudani and Rosemary Shookoufandeh, appeal the summary
judgment granted in favor of appellee, Jimmy Walker, attorney ad litem for Arezo
Ajudani, a minor, which denied appellants’ application for probate of a holographic
will and denied issuance of letters testamentary.


 Appellee’s motion for summary
judgment asserted that the purported holographic will lacked the requisites of a valid
will because it (1) lacked testamentary intent, and (2) lacked the decedent’s signature
within the document. In two issues, appellants contend that the trial court erred by
granting the summary judgment in favor of appellee because (1) the holographic will
of the decedent, Shahrokh Ajudani, was executed with the requisite testamentary
intent, and (2) there is a “genuine issue of material fact” as to whether the holographic
will had testamentary intent. Although appellants’ two stated issues pertain only to
testamentary intent, appellants argue, in their second issue and within their prayer for
relief, that a “fact issue” exists regarding whether the decedent’s signature appears
on the purported holographic will. 
          We affirm the summary judgment on the basis that the decedent’s signature
does not appear on the purported holographic will and thus decline to address
appellants’ remaining issue concerning testamentary intent.
Background
          Following the decedent’s death, his attorney received, by mail, a typewritten
document entitled “Last Will and Testament of Shari Ajudani” and seven pages of
handwritten information. Although appellants originally offered the typewritten
document entitled “Last Will and Testament of Shari Ajudani” for probate, they later
amended their request and instead offered for probate the seven pages of handwritten
information as the purported holographic will. The issue before the trial court, and
before us in this appeal, concerns only the seven pages of handwritten information,
which, appellants assert, constitute the holographic will of the decedent.
          Appellants’ application for probate included the seven pages of handwritten
information that the decedent mailed to his attorney, as described below. Each of the
seven pages has a circled number designating the page number in the top right hand
corner. For example, page one has a circled number “1”; page two has a circled
number “2”; page three has a circled number “3”; etc. 
          Page one of the handwritten information begins, “Dear Lana, Here is my will
which we never had the chance to complete before,” and then explains personal
difficulties the decedent has had. The second page of the handwritten information 
contains the statement, “I have tried to complete the last will and testament as much
as I could.” The remainder of pages two through page six contain seven categories
of information, each designated by a circled number.


 The bottom line of page six of
the handwritten information states “CC: Rosemary, Shirin, Shahlah” and written
vertically down the left side of the page it states, “P S. . . .” This postscript references
a banking transaction that occurred “yesterday 12/18/01.” The signature of the
decedent does not appear anywhere within the first six pages of the handwritten
information. 
          The seventh page of the handwritten information is written on what appears to
be the decedent’s personal stationary, which is different from the plain paper used for
the first six pages of the handwritten information. The contents of the seventh page
consist only of a purported power of attorney, and states in its entirety as follows: 
I hereby give Ms. Lana Dieringer attorney at law a full power of
attorney to act on my behalf in the sale of my personal residence at
11911 6th Street Houston 77072 [.] Also same power of attorney is
given in negotiating, and sale of Birchbrook Apartments located at
12300 Fleming Houston 77013, Signed in this 18 day of December,
2001 by Shari Ajudani 12/18/01.
A signature appears immediately before the “12/18/01.”
          Appellee filed a motion for summary judgment asserting that appellants’
application for probate and issuance of letters testamentary should be denied because
the purported holographic will (1) lacked testamentary intent and (2) lacked the
signature of the decedent. Appellee asserted that the seven pages of handwritten
information did not constitute a single holographic will, but were instead two
separate documents, a six-page letter to the decedent’s attorney, and a power of
attorney. According to appellee, the decedent’s signature, which appears on the
seventh page, pertained only to the purported power of attorney, and was not a part
of the six-page letter that appellant asserted was the holographic will.
          At the motion for summary judgment hearing, appellants asserted that the seven
pages of handwritten information constituted a single holographic will and that the
decedent’s signature on the will, which undisputedly appeared on the seventh page
of the handwritten information, was within the holographic will, as required by law. 
Additionally, appellants asserted that the purported holographic will did not lack
testamentary intent. 
          The trial court granted appellee’s motion for summary judgment and denied the
application for probate of the purported holographic will and letters testamentary.
Summary Judgment
          Under the standard of review for a traditional summary judgment, the moving
party must establish that no material fact issue exists, and that it is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c); M.D. Anderson Hosp. and
Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000). In determining whether a
disputed material fact issue precludes summary judgment, the court must take
evidence favorable to the nonmovant as true and indulge every reasonable inference
in favor of the nonmovant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49
(Tex. 1985). If there is no genuine issue of material fact, judgment should issue as
a matter of law. Haase v. Glazner, 62 S.W.3d 795, 797 (Tex. 2001). Because the
rendition of summary judgment is a question of law, we review the trial court’s
decision de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994).
          When, as here, the trial court’s summary judgment order does not specify the
ground or grounds on which summary judgment was rendered, we will affirm the
summary judgment if any of the grounds stated in the motion is meritorious.


 See
Mayes v. Goodyear Tire and Rubber Co., 144 S.W.3d 50, 55 (Tex. App.—Houston
[1st Dist.] 2004, no pet. h.) (citing Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.,
51 S.W.3d 573, 577 (Tex. 2001)). Summary judgment is appropriate in cases
involving the interpretation of an unambiguous document. See Coker v. Coker, 650
S.W.2d 391, 393-94 (Tex. 1983) (holding that if court can give certain or definite
legal meaning or interpretation to words of instrument, it is unambiguous and court
may construe it as matter of law); Bishop v. National Loan Investors, L.P., 915
S.W.2d 241, 245 (Tex. App.—Fort Worth 1995, writ denied); Hancock v. Krause,
757 S.W.2d 117, 119 (Tex. App.—Houston [1st Dist.] 1988, no writ) (holding
construction of testamentary instrument is question of law for court where there is no
ambiguity in instrument). 
Holographic Will
          To be valid, a holographic will must be signed by the testator and wholly in the
testator’s handwriting. Tex. Prob. Code Ann. § 59 (Vernon 2003); Hancock, 757
S.W.2d at 120. While the signature may be informal and its location is of secondary
importance, it is still necessary that the maker intend that her name or mark constitute
a signature, i.e., that the maker expresses approval of the instrument as her will. In
re Estate of Schiwetz, 102 S.W.3d 355, 364 (Tex. App.—Corpus Christi 2003, pet.
denied) (citing Luker v. Youngmeyer, 36 S.W.3d 628, 630 (Tex. App.—Tyler 2000,
no pet.)).
          The question before us is whether the page with the circled number seven
containing the decedent’s signature is part of the purported holographic will. There
are no disputed facts; the parties’ disagreement concerns the interpretation and
significance of the page with the circled number seven. 
          We conclude that the page with the circled number seven is not part of the
purported holographic will. The first six pages contain language referencing a will
with seven enumerated subjects with comments and instructions to the decedent’s 
attorney. However, the seventh page, which is clearly a purported power of attorney,
lacks a designation as a new and enumerated eighth subject of the letter. Also, the
seventh page of the handwritten information is written on stationary of the decedent,
in contrast to the first six pages, which are written on plain paper. Additionally, the
page marked as the sixth page of handwritten information has both a “PS” (or
postscript) and “CC” (or carbon copy) designation following the seventh enumerated
subject of information. Moreover, the writer of the document wrote vertically in the
margin of the sixth page of the document, thus completing the purported holographic
will within the six pages. Finally, the purported power of attorney, which is dated
“12/18/01” was written one day before the purported holographic will was written,
as evidenced by the postscript on page six that references a banking transaction that
occurred “yesterday 12/18/01.” 
          Having reviewed the summary judgment evidence, we conclude that the
purported holographic will and the power of attorney are unambiguously two separate
documents. See Coker, 650 S.W.2d at 393. The decedent’s purported signature,
appearing only on the page with the circled number seven, pertains only to the
separate, handwritten purported power of attorney. Accordingly, we hold that the
purported holographic will, because it lacks the decedent’s signature, is not a valid
will. See Tex. Prob. Code Ann. § 59 (Vernon 2003); In re Estate of Schiwetz, 102
S.W.3d at 364.
 
 
Conclusion
          We affirm the judgment of the trial court. 
          


                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.