**APODACA BAIL BONDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–86–00092–CV.**

Court of Appeals of Texas, El Paso.

Nov. 26, 1986.

Rehearing Denied Dec. 17, 1986.

Joseph (Sib) Abraham, Jr. and Charles Louis Roberts, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before SCHULTE, ARMENDARIZ and FULLER, JJ.

## OPINION

ARMENDARIZ, Justice.

This is an appeal from the 34th District Court of El Paso County, Texas. Judgment was entered for Appellee, the State of Texas, on February 3, 1986, forfeiting the bond of Appellant.

Barry J. Adkins, also known as Richard Bart Adkins, was admitted to bail of $7,500.00 on August 13, 1985, after being arrested for "theft from person" in El Paso County. An examining trial was held September 11, 1985, at which the municipal judge discharged the defendant upon a finding of lack of probable cause. Adkins was later indicted, he failed to appear at pretrial on October 17, 1985, and judgment nisi was entered the same day. Judgment was entered for the State of Texas on February 3, 1986. Appellant moved for new trial February 13, 1986. It appears said motion was overruled by operation of law. Appellant filed a cost bond on April 18, 1986. We reverse and render.

Tex.Code Crim.Pro.Ann. art. 22.01 (Vernon Pamphlet 1986) provides for the forfeiture of bond upon failure to appear without excuse:

> When a defendant is bound by bail to appear and fails to appear in any court in which such case may be pending and at any time when his personal appearance is required under this Code, or by any court or magistrate, a forfeiture of his bail and a judicial declaration of such forfeiture shall be taken in the manner provided in Article 22.02 of this Code and entered by such court.

In this particular case, there was an examining trial at which no probable cause was found. This was due to Appellee's lack of witnesses. Defendant Adkins was discharged, only to be indicted later. The question is whether the bond still bound Appellant after the defendant was discharged.

Once the discharge occurred, it was necessarily up to the State to attempt to indict Adkins and proceed from there. Between the discharge of Adkins and the return of the indictment, nothing was pending against Adkins. Article 22.01, Tex.Code Crim.Pro.Ann., speaks to the forfeiture of bond upon failure to appear in a court or before a magistrate in which the case is pending. The State had to obtain an indictment in order to further proceed against Adkins. He had been discharged. Had the State done nothing after his discharge, Adkins would have remained free with no compelling appearances scheduled in any court. Without the indictment, the State could not have proceeded against Adkins. Without the indictment, no charge was pending against Adkins. It follows then that the Appellant/surety was discharged when nothing was pending against Adkins. "The surety on appearance bonds in criminal cases shall be absolved of liability upon disposition of the case, and disposition as used herein shall mean a dismissal, acquittal, or finding of guilty on the charges made the basis of the bond." Tex.Rev.Civ.

Stat.Ann. art. 2372p–3, sec. 13(c) (Vernon Supp.1986). In this case, the dismissal of the charge amounted to a discharge in due course of law as contemplated by the terminology in the bond involved and abolished the *charge* required to invoke the provisions of Article 17.09, Tex.Code Crim.Pro. Ann. This discharge effectively operates as a dismissal without prejudice to the State. The defendant is released because there has been found no cause to continue his detention. Until the State proceeds further and a subsequent arrest authorization is issued, the movement of the defendant cannot be restricted and the bondsman is without means to restrict his freedom. If this movement cannot be restricted, there is no need for a bond. Once the defendant was discharged, the obligation of Appellant was terminated. The bond was then exonerated and it was error to order its forfeiture. Appellant's Point of Error No. Two is sustained.

The judgment of the court below is reversed and judgment is here entered that the State take nothing by its suit.

SCHULTE, Justice, dissenting.

I respectfully dissent from the majority opinion in this bail bond forfeiture case. I would affirm.

Under Article 17.09, Tex.Code Crim.Pro. Ann., it is in part provided under Section 1 that:

> [T]he said bond shall be valid and binding upon the defendant and his sureties ... for the defendant's personal appearance before the court or magistrate designated therein, as well as before any other court to which same may be transferred, *and for any and all subsequent proceedings had relative to the charge....* [emphasis provided].

Under Section 2 of Article 17.09, it is further provided that when a defendant has once given bail for his appearance in answer to a criminal charge, he shall not be required to give another bond in the course of the same criminal action except as provided in Section 3 of Article 17.09. Section 3 has to do with defective, excessive or insufficient bonds or an unacceptable surety or other good cause, none of the exceptions being applicable here.

The bond in evidence in this case was in substantial accordance with the provisions of the cited Article 17.09, supra, and provided in pertinent part:

> [S]hall well and truly make his personal appearance before any Court or Magistrate to which said charge may be transferred *or before whom this cause may hereafter be pending at any time when, and any place where his presence may be required under the Code of Criminal Procedure of the State of Texas or by any Court or Magistrate, and for all subsequent proceedings had relative to said charge* and there remain from day to day and term to term, until discharged by due course of law, then and there to answer the said accusation against him, then this obligation shall become null and void; otherwise to remain in full force and effect. [emphasis added].

I believe the evidence before the trial court was sufficient to establish the surety's liability on the bond in question and that the finding of the municipal court did not preclude the surety's continuing obligation under the bond. I would overrule Appellant's points of error and affirm the judgment.