# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00278-CR

---

### Ex parte John D. Ferrara

---

### FROM THE COUNTY COURT AT LAW NO. 3 OF HAYS COUNTY
### NO. 21-0498-C, THE HONORABLE MICHAEL KEASLER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

John D. Ferrara, acting pro se, filed this appeal from the trial court's denial of relief on his "Application for Pre-Indictment Habeas Corpus Relief Motion to Di[s]miss Prosecution."[1] For the following reasons, we will dismiss this appeal as moot.

On April 23, 2020, a Hays County magistrate issued a warrant commanding Ferrara's arrest for the felony offense of stalking. *See* Tex. Penal Code § 42.072. The probable-cause affidavit accompanying the warrant alleged that Ferrara committed the offense on or about April 15, 2020. Ferrara was arrested and booked on May 27, 2020, in Bexar County. *See* Tex. Code Crim. Proc. art. 15.06 (providing that arrest warrant extends to any part of Texas and

---

[1] Ferrara's June 14, 2021 notice of appeal states that he is appealing from the

judg[]ment of the trial court to not dismiss an arrest by felony warrant that has not been filed in Justice Court, but was determined to not be a felony by the Hays County District Attorney's Office and the Travis County Attorney (Pro Tem) and therefore cause 20-2877 (filed in Hays County District Court), was referred to the County Court for relief; per the District Court.

may be executed in any Texas county). Five days later, Ferrara secured his release from custody on a $20,000 surety bond with the aid of a bail bondsman.

Ferrara filed his habeas application on April 14, 2021, in trial-court cause number 21-0498-C. During the June 9, 2021 hearing on his application, Ferrara informed the trial court that he was seeking to "get off of bail bonds and dismiss the case." Ferrara stated that he had initially been on bail bonds for "a felony, and then it was dropped down to a misdemeanor—if they do file." The State did not dispute Ferrara's assertion that only misdemeanor charges were being considered against him but noted that, under the applicable two-year statute of limitations, the State still had time remaining to file such lesser charges, which it later did. *See* Tex. Code Crim. Proc. art. 12.02 (requiring filing of misdemeanor charges within two years from date of commission of offense). At the conclusion of the hearing, the trial court stated that it would change Ferrara's $20,000 surety bond to a $4,000 personal bond with a restriction against contact with the victim. *See In re Tharp*, 351 S.W.3d 598, 600 (Tex. App.—Austin 2011, no pet.) (contrasting personal bonds with bail bonds by noting that personal bond "is a bond with no sureties or other security"). Ferrara stated that he had no objection to or issue with that restriction. The trial court signed an order on July 29, 2021, denying Ferrara's habeas application and motion to dismiss.[2]

Meanwhile, on July 14, 2021, a summons issued in trial-court cause number 21-2259-CR-1 instructing Ferrara to appear and answer for the misdemeanor offense of harassment. *See* Tex. Penal Code § 42.07. Ferrara was not re-arrested for the harassment charge, and the trial court granted Ferrara's waiver of an in-person appearance at his

---

[2] Judge Michael E. Keasler signed this order after Judge Linda Rodriguez issued her ruling on the record during the habeas hearing.

2

misdemeanor arraignment. The harassment charge against Ferrara was later dismissed on the State's motion, as shown by the district court's January 28, 2022 order. Thus, the harassment charge in cause number 21-2259-CR-1 is no longer pending against Ferrara, and he has no bond obligations concerning this dismissed charge. *See Apodaca Bail Bonds v. State*, 720 S.W.2d 279, 281 (Tex. App.—El Paso 1986, no pet.) (reversing judgment against bail-bond company because "[o]nce the defendant was discharged, the obligation of [the surety] was terminated," even though defendant was later indicted on different charge); *see also* Tex. Code Crim. Proc. art. 17.08(5) (providing that sureties on bail bond are not bound after defendant is "dismissed from the charge").

Ferrara then filed an "emergency motion to release unlawful restraint" in this appeal, arguing that he must still report to a bail bondsman under the original bail bond on his arrest for stalking. There is no evidence that the surety has asserted any such continuing duty under the original bail bond. But even if the original bail bond had not been changed to a personal bond, the State acknowledged that it was considering only misdemeanor charges and that it had two years to bring them against Ferrara for the conduct leading to his arrest. *See* Tex. Code Crim. Proc. art. 12.02. The two-year limitations period expired on April 15, 2022, without the filing of any charge besides the one for harassment that was ultimately dismissed. Thus, Ferrara has no remaining obligation to report to a bondsman under the original bail bond.

"The longstanding rule in Texas regarding habeas corpus is that 'where the premise of a habeas corpus application is destroyed by subsequent developments, the legal issues raised thereunder are moot.'" *Ex parte Guerrero*, 99 S.W.3d 852, 853 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (quoting *Bennet v. State*, 818 S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.)). Here, because Ferrara has been relieved of the requirement that he

report to a bail bondsman, which was the basis for his habeas application, his appeal complaining of the trial court's ruling on that application is moot. *See Ex parte Sutherland*, 451 S.W.2d 913, 913-14 (Tex. Crim. App. 1970) (dismissing habeas appeal as moot because State dismissed criminal charges); *Ex parte Shapiro*, 233 S.W.2d 859, 861 (Tex. Crim. App. 1950) (dismissing habeas appeal as moot because "the very thing he was complaining of in the habeas corpus hearing has been removed"). Accordingly, we dismiss this appeal as moot. *See* Tex. R. App. P. 43.2(f).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Dismissed as Moot

Filed: May 17, 2022

Do Not Publish